The opinion of the court was delivered by
Brewer, J.:
This was an action brought by plaintiff in error, plaintiff below, against the defendant, to recover the value of a certain mare alleged to have been run over and killed by an engine belonging to defendant. The case was commenced before a justice of the peace, and a bill of particulars filed. The defendant making no appearance before the justice, judgment was entered in favor of the plaintiff. Defendant appealed to the district court, and the case was there tried by the court, without a jury. The defendant filed no answer, and the case was tried upon the original bill of particulars filed before the justice. Upon the trial the ■court found for the defendant, and plaintiff now brings error to this court.
But a single question needs to be considered, for in that we think the district court erred, and on account of that a new trial must be awarded. The substantial portion of the bill *632 of particulars is as follows: “That on or about the 26th day of September, 1880, a locomotive engine attached to a train of cars and owned by the said railroad company, the above-named defendant, and operated by its employés, did carelessly and negligently run against and kill a certain mare, the property of the aforesaid plaintiff, R. A. Stewart, and of the value of one hundred dollars ($100), at a point about one and a half miles west of Wabaunsee station, on said railroad. Plaintiff further says, that at the time, and place where said mare was killed the said railway was not fenced by any kind of a fence whatever, and that on the 28th day of October, 1880, he made a legal demand for the payment for said mare upon said railroad company, which payment has been refused.”
On the trial, after testimony showing the killing of the animal by the engine of defendant, and after testimony tending to show that the animal was struck and killed at or near a public crossing, plaintiff offered testimony to prove that there was negligence in the management of the train by employés of defendant, and that in consequence of such negligence the animal was struck and killed. This testimony was objected to, and the objection was sustained. This ruling of the district court seems to have been upon the theory that the action was brought under the stock law of 1874, and that under that law the question of negligence in the actual management of the train is unimportant, the basis of recovery being the lack of a fence to keep the animal off from the track. It is unquestionably true that, if there was nothing in the bill of particulars showing a right of recovery independent of that statute, the question of the manner of the management of the train would be irrelevant and immaterial. If, as in many cases which have heretofore come to this court, the only charge was that the railroad track was unfenced, the ruling of the district court would have been correct. But the bill of particulars charges negligence on the part of the defendant in the management of the train. This, independent of the question of fence, is a ground of recovery. A party whose animals *633 are killed by the engine and cars of a railroad company may charge in his petition that the injury was caused by the negligence and wrong-doing of the defendant in the management of the train, and also that the track was unfenced at the place of injury and where the animals got upon the track, and upon the trial he may prove either or both of these allegations. There is no inconsistency between the two allegations; both may be true — the road may have been unfenced, and the train hands may have managed the train negligently and carelessly. Either will make the defendant liable. Both may be charged in the same petition, and then either or both proven. Whatever criticism may be placed upon the form in which the negligence is charged, it must be borne in mind that no objection was made to this bill of particulars. The defendant went to trial without any motion, demurrer or answer, and hence, if the fact of negligence was distinctly charged, it is .enough. (Rly. Co. v. Kelley’s Adm’r, 23 Ind. 133; Rly. v. Selby, 47 Ind. 471; Fort Wayne v. DeWitt, 47 Ind. 391; Rly. Co. v. Matthias, 50 Ind. 65; Chiles v. Drake, 2 Metc. [Ky.] 146; Carmanty v. M. G. Rly. Co., 5 La. An. 703; A. T. & S. F. Rld. Co. v. Edwards, 20 Kas. 531.)
For this error in the ruling of the district court, the judgment must be reversed, and the case remanded for a new trial.
All the Justices concurring.