## THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COMPANY v. JAMES H. DAVIS.

RAILROAD STOCK LAW; *Owner, Not Negligent.* Where the owner of a colt confines it in an inclosure surrounded by a sufficient and safe fence, and in the night-time, without any fault or negligence on his part, a gate is opened and left open through the misconduct or negligence of some unknown party, and through this open gate the colt escapes and goes upon the track of a railroad company, *held*, that the company is bound to use ordinary care to prevent any injury to such colt from its trains. *U. P. Rly. Co. v. Rollins*, 5 Kas. 167, distinguished.

### *Error from Lyon District Court.*

THE opinion states the case. At the adjourned March Term, 1883, plaintiff *Davis* had judgment against the *Railroad Company* for $250, as the value of his colt killed by a train on defendant's road. This judgment the defendant brings here for review.

*Geo. R. Peck, C. N. Sterry*, and *Robert Dunlap*, for plaintiff in error:

1. Since the question of fencing is out of the case, it is clear that the animals were wrongfully on the track; that they were trespassing, and that therefore defendant would only be liable for gross carelessness or wantonness in its employés: for the railroad company has the exclusive right to its way for the purpose of operating its road. (*Mason v. Mo. Pac. Rly. Co.*, 27 Kas. 88; *U. P. Rly. Co. v. Rollins*, 5 id. 167, 168; *Bennett v. C. & N. W. Rly. Co.*, 19 Wis. 145; *Jackson v. R. & B. Rld. Co.*, 25 Vt. 150; *Darling v. B. & A. Rld. Co.*,

121 Mass. 118; *Bush v. Brainard,* 1 Cow. 78; *Maynard v. B. & M. Co.,* 115 Mass. 458; *Fisher v. The Farmers &c. Co.,* 21 Wis. 74; *L. & F. Rld. Co. v. Ballard,* 2 Met. [Ky.] 177.)

The decision in the case of *U. P. Rly. Co. v. Rollins* on the above point, is squarely applicable to this case, and that decision is still the law of this state.

2. The first duty which the railroad company owes is to its passengers and the property it is carrying. It is no part of the duty of a railroad company to keep a lookout for animals wrongfully on the track, nor to stop the train to deliver them from danger. This was held in the case of *Smith v. C.· R. I. & P. Rld. Co.,* 34 Iowa, 506, in a state where it has been decided that cattle are "free commoners." (See also *Price v. N. J. Rld. Co.,* 32 N. J. L. 20, 21; *C. H. & I. Rld. Co. v. Bartlett,* 58 Ind. 572; *C. S. Rly. Co. v. Carey,* 56 id. 396; *Bemis v. C. & P. Rld. Co.,* 42 Vt. 375.)

There could therefore be no negligence attributable to the defendant for the failure to keep a lookout, or to stop the train in time to prevent the injury. The finding of the jury that the injury could have been prevented by blowing the whistle, etc., is contrary to the evidence in the case. All the testimony shows that the whistle was blown, and that there was an attempt to check up. It must be shown that after the stock *was discovered* the company could, without imperiling the persons or property intrusted to it for transportation, have avoided the danger. (*Wallace v. St. L. &c. Co.,* 74 Mo. 594; *Flatters v. C. R. I. & P. Rld. Co.,* 35 Iowa, 191; *Plaster v. I. C. Rld. Co.,* 35 id. 449; *Jackson v. C. & N. W. Rly. Co.,* 36 id. 451; *Peoria &c. Rld. Co. v. Champs,* 75 Ill. 572; *Locke v. St. Paul &c. Rld. Co.,* 15 Minn. 350; Redfield on Railways, 5th ed., p. 49, ¶ 9.)

3. But the evidence also shows that plaintiff himself, through his agents, was guilty of contributory negligence. From plaintiff's own testimony it clearly appears that he knew that the gate in question had been frequently left open, and might at any time be broken down by unknown parties, and this would certainly warrant the conclusion that he was

guilty of negligence in keeping his animal in such an inclosure, from which it might escape and wander to a place of danger, *i. e.*, upon the railroad track; and also from the testimony of John Kline, who was employed at the fair grounds exercising horses, it appeared that the gate was frequently open, and had been opened before the colt got out; that he saw the colt go out of the gate, and saw it feeding upon the right-of-way of the railroad company before the train appeared. From this evidence it is very clear that there was neglect in those whom the plaintiff intrusted with the care of his colt, in suffering it to stray out of the fair grounds and go upon the track, and this negligence is of course attributable to the plaintiff. The court should therefore have given the hypothetical instructions asked by defendant's counsel and refused by the court; for from the evidence the jury might well have found the facts stated in this instruction; and if such were true, the plaintiff would certainly be guilty of such contributory negligence as in this case would have prevented a recovery. For the same reason the ninth instruction asked by defendant's counsel and refused by the court, should have been given.

4. There is a peculiar obligation on the owner of cattle to keep them off the tracks of railways, and he is chargeable with negligence if his beasts stray from his inclosure and go upon land appropriated by the railroad company. (*Munger v. T. Rld. Co.*, 4 N. Y. 394; *Price v. N. J. Rld. Co.*, 32 N. J. L. 20, 21; 31 id. 229; *L. & T. Rld. Co. v. Ballard*, 2 Met. (Ky.) 117; *T. & W. Rld. Co. v. Thomas*, 18 Ind. 215; *Marsh v. N. Y. & E. Rld. Co.*, 14 Barb. 364.) While, on the other hand, on account of the great danger attendant on these collisions, it will be presumed that the servants of defendant used all due care to prevent the accident. (*L. &. F. Rld. Co. v. Milton*, 14 B. Mon., 75–82; *Lyndsay v. Enochs*, 27 Vt. 643; *Schnier v. C. R. I. & P. Rld. Co.*, 40 Iowa, 337.) And therefore the court erred in refusing to give the ninth charge asked, and the eleventh charge asked. The court also erred in refusing to give the tenth charge, for the plaintiff's evidence

tended to show such contributory negligence, and therefore the burden of proving contributory negligence was shifted from defendant to plaintiff. (*Gibson v. City of Wyandotte*, 20 Kas. 158; *B. & O. Rld. Co. v. Whitacre*, 35 Ohio St. 627; *B. & O. Rld. Co. v. Whitington*, 30 Gratt. 805-9.)

5. The charge given was erroneous and misleading, so far as the court defined ordinary care to be such as a party would use if all the property was his own. There would have to be the want of a greater degree of care than this to charge the railroad company for killing this animal, even if it were not trespassing, for it must be remembered that the railroad company owes its first duty to its passengers and property transported, and all other considerations must yield to this; so that even ordinary care in such a case would have to be subserved to the first great claim of duty the company owed to the public in the transaction of its lawful business in transporting property and goods. (*Price v. N. J. Rld. Co.*, 32 N. J. Law, 21, 22; *L. & F. Rld. Co. v. Ballard*, 2 Met. [Ky.] 177.)

6. The court should have excluded all evidence tending to prove negligence, and no verdict founded on negligence should have been received. The defendant objected to the introduction of any evidence tending to prove negligence, and the evidence should have been confined to proving the liability for failure to fence. The action is brought to recover for liability under the fence law, and though negligence is alleged, it could not be proved under an objection taken before trial, and therefore no recovery could be had upon this ground. (*Crutchfield v. St. L. &c. Rld. Co.*, 64 Mo. 255; *Cory v. St. L. &c. Rld. Co.*, 60 id. 209; *Quick v. H. & St. L. Rld.*, 31 id. 339.)

*Scott & Lynn*, for defendant in error:

1. There was plenty of time and opportunity to avoid the accident. Under all the circumstances of the case, the company is clearly liable. (*Hot Springs Rld. Co. v. Newman*, 36 Ark. 607.)

When it appears that the engineer sees an animal on the

track, or when he would have seen it if he had kept a proper lookout, and could have stopped the train in time to avoid injuring it, the company is liable. (*Rld. Co. v. Middlesworth*, 46 Ill. 495; *Rld. Co. v. Cauffman*, 38 id. 424; *Rld. Co. v. Wren*, 43 id. 77.)

The undisputed facts of this case show the grossest negligence on the part of the defendant's employé. (*Rly. Co. v. McBrown*, 46 Ind. 229; *Rld. Co. v. McNamara*, 11 id. 543; *Rld. Co. v. Barrie*, 56 Ill. 226.)

2. The instructions given by the court are in harmony with *Rly. Co. v. Wilson*, 28 Kas. 637; *Rld. Co. v. McHenry*, 24 id. 501; *Rld. Co. v. Grover*, 11 id. 302; and do not contradict the law as laid down in *Rly. Co. v. Rollins*, 5 Kas. 167.

In this and in other states where the common-law rule does not prevail, as well as in some where it does, it is the want of ordinary care that makes a railway company responsible where animals are wrongfully upon the track. (*Pearson v. Rly. Co.*, 45 Iowa, 497; *Rld. Co. v. Rafferty*, 73 Ill. 58; *Rld. Co. v. Mulligan*, 45 Md. 486; *Bemis v. Rld. Co.*, 42 Vt. 375; *Rld. Co. v. Smith*, 22 Ohio St. 244. See also *Rld. Co. v. Baker*, 47 Ill. 295; *Rly. Co. v. Finley*, 37 Ark. 562; *Richmond v. Rld. Co.*, 18 Cal. 351.)

Neither was the plaintiff nor the defendant responsible for the wrong of the tramps in breaking down the gate, and if this is true there was no contributory negligence on plaintiff's part, and his colt was not a trespasser to be on the inside of defendant's inclosure, which the law required to be inclosed with a lawful fence, when it was not so inclosed. (*Rld. Co. v. Pace*, 13 Ind. 411; *Rld. Co. v. Nichols*, 30 id. 321; *Rld. Co. v. Sullivan*, 38 id. 262. See also 46 Ind. 227; 11 id. 543; 59 Ill. 226.)

3. The sixth instruction asked for by the defendant company is wholly misleading, and, as applied to the killing in this case, is not the law. It is often unwise for the court to select a single circumstance from the evidence, and to found

thereon a special and separate instruction to the jury. (18 Kas. 245. See also 36 Ark. 607.)

4. The third point made by the company is that the plaintiff was guilty of contributory negligence, and that the court erred in refusing to give certain hypothetical instructions asked by the company. The court, in at least two instructions, fairly and properly instructed the jury upon this question. (*Rld. Co. v. Brown,* 18 Kas. 469; *Pearson v. Rly. Co.,* 45 Iowa, 497.)

5. As to the fourth point made for plaintiff in error, we submit that the court below gave to the jury all the law embraced in the ninth and eleventh instructions asked for by counsel for the company, and in its instructions fully and fairly covered the question of contributory negligence. As to the burden of proof on this question, the law was also properly stated by the court just after stating the issues.

6. The charge complained of by the company in its fifth point is expressly approved by the court in *Mo. Pac. Rly. Co. v. Wilson,* 28 Kas. 640, 641, and is almost a literal copy of the charge quoted in that case.

7. As to the last point, we refer the court to the bill of particulars in the record. It charges that the colt was killed by the carelessness and negligence of the defendant. (*Stewart v. Rld. Co.,* 27 Kas. 631.)

*Geo. R. Peck, C. N. Sterry,* and *Robert Dunlap,* for plaintiff in error, in reply:

1. The liability of the defendant was one existing either under the statute of 1874, requiring railroads to fence their tracks, or it was a liability such as might be made out at common law. We have shown that the act of 1870 has been rendered nugatory by the decision in the *McHenry* case, 24 Kas. 501, and in *Mason v. Mo. Pac. Rly. Co.,* 27 Kas. 83. The act applied to damages to person or property. These two decisions have overruled the decision in the *Grover* case, 11 Kas. 302. That the company was liable

at common law in this case only for the gross negligence or wantonness of its employés, has been clearly decided in the case of *Mason v. Mo. Pac. Rly. Co.*, 27 Kas. 83. The decision in the case of *Mo. Pac. Rly. Co. v. Wilson*, 28 Kas. 637, on the question of negligence, is not applicable to the case at bar, for in that case the injury occurred at the railroad crossing over a *public highway*, and the animal was rightfully thereon. In such cases the degree of care is of course greater than where the injury occurred at a place where the railroad has the *exclusive* right of way, as in the case at bar.

In Ohio, Iowa, Arkansas, and some other states, the English common-law doctrine in regard to trespassing animals is not in force; but the decisions cited from those states in defendant's brief are not applicable to this state. As was decided in 5 Kas. 167, these decisions are not followed in this state. But the cases cited do not bear out the position that the railroad company would be liable for mere want of ordinary care.

2. The evidence does not show any negligence in the company in regard to the gate. It was left open during the night. The injury occurred early the next morning. The jury find it was not left open by any employé of defendant, nor did any such employé see it open before the injury. The rule on this head is well expressed in Pierce on Railroads, (last edition,) pp. 418, 419. (See cases cited in notes to pp. 418, 419, *supra;* and also *Brenner v. Rld. Co.*, 58 Iowa, 628; *Henderson v. Rld. Co.*, 43 id. 620; *Perry v. Rld. Co.*, 36 id. 105; Pierce on Railroads, p. 420; 1 Redfield on Railways, 517.)

Those in charge of the fair grounds knew that the gate was frequently broken down, and that it was liable to be opened any night. The negligence of those in charge of the fair grounds is of course attributable to the plaintiff. He intrusts his animals to them, and for that purpose they are his agents. He takes the condition of the fair grounds as it is, with all the risks. The responsibility of keeping up the gates devolves

upon the land-owner. In such cases an implied obligation rests upon the person for whose benefit such private ways are provided, to maintain and keep them closed, and if by a neglect of that duty such private way is left open, by reason of which the stock of such owner passes upon the land of the railroad, and is injured, the company is not liable. (*Rld. Co. v. Adkins,* 23 Ind. 340; *Rld. Co. v. Skinner,* 17 id. 295; *Kontz v. Rld. Co.,* 54 id. 515.)

There is no statute in Kansas requiring railroads to furnish such accommodations. In Iowa, New York, Massachusetts, and some other states, there are statutes requiring such gates to be furnished by the railroad company. Yet in *Eames v. B. & W. Rld. Co.,* 14 Allen, 151, under such a statute, it was held that, where the bars were left down and the cow escaped upon the railroad and was injured, the owner could not recover, without proof that the bars were down without his fault. If there was any negligence in regard to this gate, it must be attributable to the plaintiff through his agents, and not to the defendant.

The opinion of the court was delivered by

BREWER, J.; This was an action brought by defendant in error, plaintiff below, to recover the value of a colt killed by being struck by a passing train on defendant's railroad. The action was commenced before a justice of the peace, and after judgment, appealed to the district court, where the case was tried before a jury. The case was tried on the bill of particulars filed before the justice, and without any new or additional pleadings. The verdict and the judgment were in favor of the plaintiff, and defendant brings the case to this court. The bill of particulars alleged that the colt was killed through the negligence of defendant, and also that the road was not fenced at the place of killing. The latter charge was not supported by the testimony and was disregarded by the jury. The case was therefore disposed of upon the theory that the defendant was guilty of actual negligence in killing the colt.

Among the undisputed facts, are these: The colt was kept in the fair grounds just west of Emporia, in Lyon county. Between the fair grounds and the railroad track was a fence, in which about midway was a gate used principally during fair time by persons passing backward and forward from trains to the fair grounds.     At times when the fair was not being held, the gate was occasionally left open by tramps passing up and down the railroad track, and other persons. During the night prior to the injury complained of, in some undiscovered way, the gate was opened, and left open.     Early in the morning, the colt with three or four others which were running loose in the fair grounds passed through this open gate, and upon the defendant's right-of-way.     While on the right-of-way, an emigrant train came from the west.     The other colts kept off the track, but this one went upon it and ran eastward toward the city of Emporia, followed by the train until near the east line of the fair grounds, when its course being stopped by an open bridge it was struck by the train and killed.     No negligence can be imputed to the defendant in the manner in which the colt escaped from the fair grounds and went upon the right-of-way.     The question therefore was, whether there was negligence in the management of the train.

The jury answered this question in the affirmative, and while the testimony was not absolutely conclusive, there was ample to warrant the answer.     It seems probable that a little effort and care on the part of the persons in charge of the train might have avoided the accident, so that really the only substantial question arises on the rulings of the court in respect to the instructions.     The court refused an instruction to the effect that the defendant was not liable unless it killed the colt willfully, wantonly or through gross negligence, and instructed the jury substantially that it was liable for ordinary negligence.     While some other criticisms are placed upon the instruction, this is the pivotal question.     If the ruling was right in this respect, the other matters referred to must be

regarded as immaterial, and the judgment must stand; if not, the judgment must be reversed.

Counsel for the company rely largely on the case of *Railroad Co. v. Rollins*, 5 Kas. 167, in which the company was held liable only for gross negligence. They insist that the principles there laid down have been since frequently affirmed by this court, and are controlling and decisive in the case at bar. We think not. Without intending any departure from those principles, we think that case is not in point. There the plaintiff, living in the vicinity of the railroad track, turned his cattle loose on uninclosed fields, from which they strayed upon the railroad track and were killed by a passing train. In so doing, he was chargeable with some blame. He knew the unfenced condition of the road, knew of the passing trains, and knew that his cattle turned loose might very naturally wander in the direction of the track. Hence, it could not be said that he was entirely without fault. But in the case at bar, the plaintiff was without any fault. He took all reasonable precautions to confine his colt, placed it in a field inclosed by a secure and safe fence. Without any fault on his part, and through the misconduct or negligence of some unknown person, in the night-time, the gate was left open and through it the animal wandered upon defendant's track. While technically the animal was a trespasser, yet it was so trespassing after reasonable precautions had been taken by the plaintiff, and without any fault on his part. Under those circumstances, the company was bound to use ordinary care to prevent injury.

The case of *Railroad Co. v. Brown*, 14 Kas. 469, is in its facts very much in point. There the plaintiff's stock had been by him shut up in his barn, and without any fault on his part, in the night-time, got out therefrom and strayed upon the railroad track, and were killed. In that case the company was held liable. It is true this particular question was not then discussed or specially considered, so that the case is not a direct authority. (See also *Railroad Co. v. Wilson*, 28 Kas. 637; *Railroad Co. v. Riggs*, ante, p. 622.)

It is true that authorities in other states are conflicting on this question. See the various authorities cited in briefs of opposing counsel. We think in principle, however, it is more just and fair that where the owner of stock is without fault, and has taken every reasonable precaution to keep his animals confined, and through some unexpected casualty, or misconduct or negligence of a third party, the animals escape from such confinement upon the grounds of another, the latter should use ordinary care to prevent their being injured. See in support of these views the following authorities from other states: *Pearson v. Milwaukee &c. Rly. Co.*, 45 Iowa, 497; *Rockford &c. Rld. Co. v. Rafferty*, 73 Ill. 58; *Baltimore &c. Rld. Co. v. Mulligan*, 45 Md. 486; *Bemis v. Conn. &c. Rld. Co.*, 42 Vt. 375; *Cinn. & Zanesville Rld. Co. v. Smith*, 22 Ohio St. 244; *Ill. Cent. Rld. Co. v. Baker*, 47 Ill. 295; *Little Rock & Ft. S. Rld. Co. v. Finley*, 37 Ark. 562; *Richmond v. Sacramento &c. Rld. Co.*, 18 Cal. 351.

Again, it is insisted that plaintiff's bill of particulars charged the defendant with liability on account of the lack of a fence, and that therefore evidence of negligence was improperly overruled. It is true the bill of particulars alleged the lack of a fence, but it also counted on the negligence of defendant, and while plaintiff failed to prove the former he did the latter. This he might do. (*Stewart v. Rld. Co.*, 27 Kas. 631.) If there was any lack of definiteness in the allegation of negligence, it should have been corrected by motion. We see nothing else requiring notice, and the judgment will be affirmed.

All the Justices concurring.