# INDIANAPOLIS & EASTERN RAILWAY COMPANY
# *v.* GOAR.

[No. 6,309. Filed January 14, 1909.]

INTERURBAN RAILROADS.—*Killing Stock.—Trespass.—Negligence.*— An interurban railroad company is not liable for trespassing horses killed upon its right of way, where the company was guilty of no negligence in maintaining fences or cattle-guards, and did not wilfully kill them, the company being under no duty to keep a lookout for trespassing animals.

From Henry Circuit Court; *John M. Morris*, Judge.

Action by Roll Goar against the Indianapolis & Eastern Railway Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*William A. Brown* and *W. H. Latta*, for appellant.
*Horace G. Yergin*, for appellee.

WATSON, C. J.—This was an action in two paragraphs by appellee for the killing of his horses by appellant.

The first paragraph charged the appellant, through its servants, with negligently running its interurban car at a high and dangerous rate of speed over its right of way, and carelessly and negligently running its car against and upon appellee's horses, thereby killing them, when said horses had strayed away and were upon appellant's track without any fault of appellee.

The second paragraph charges that, without any fault of appellee, the horses entered upon appellant's right of way over an inferior and poorly-constructed cattle-guard which was located thereon, and that said right of way was not properly fenced at this cattle-guard so as to prevent horses from entering upon the right of way.

The error assigned in this court is the overruling of the motion for judgment on the interrogatories. The jury returned a general verdict for appellee in the sum of $325, together with interrogatories.

It is so well settled in this State as to when the general verdict controls as against the interrogatories, that we deem it unnecessary to discuss the same or cite authorities thereon.

The jury returned, among other interrogatories, the following: "(5) Did the plaintiff's horses escape from his barn upon a public highway and pass along said public highway, thence over a cattle-guard at the crossing of said public highway with the defendant's right of way? A. Yes." "(10) Did the defendant carelessly and negligently run said car against said horses and thereby kill them? A. Yes. (11) If you answer the foregoing interrogatory 'yes,' did said negligence consist in running said car at a high rate of speed? A. No. (12) Did the motorman of said car know that said horses were on the right of way in time to avoid striking said horses? A. No. (13) Could said motorman have known that said horses were on the right of way or track in time to avoid striking said horses? A. Yes. (13½) Was said motorman negligent in failing to see said horses in time to avoid striking them? A. Yes. (14) Was said cattle-guard, over which said horses passed upon said private right of way, of the standard construction adopted and generally used on interurban railways throughout the United States? A. Yes. (15) Was said cattle-guard in any respect out of repair? A. No." "(23) In what respect, if any at all, was said cattle-guard out of repair or improperly constructed? A. In no respect." "(27) Was the cattle-guard in question the best known possible in construction, all of its necessary uses considered? A. Yes."

The answers to eleven and twelve show that the car was not running at a high rate of speed, nor did the motorman know the horses were on the right of way, in time to avoid the injury, nor do they show any wanton or reckless conduct of the motorman in running the car at the time the horses were killed. The answers to the interrogatories quoted, and those not set out, show that the right of way

was properly fenced and the cattle-guard properly constructed.

The horses were trespassing upon the right of way of appellant, and for this reason, under the decisions of the Supreme Court of this State, the company owed no duty to the owner; nor is the company required to keep a lookout for animals on its right of way when the same is properly fenced, and will not be liable for injury to them unless the employes are guilty of wanton and reckless misconduct in the operation of the car. *Dennis* v. *Louisville, etc., R. Co.* (1888), 116 Ind. 42, 1 L. R. A. 448; *Chicago, etc., R. Co.* v. *Ramsey* (1907), 168 Ind. 390, 120 Am. St. 379.

The evidence is not in the record. We therefore believe that justice will best be served by directing a new trial herein.

The judgment is reversed, and a new trial ordered in the cause.