No. 19,758.

ARTHUR EMERY, *Appellee,* v. THE ATCHISON, TOPEKA & SANTA
FE RAILWAY COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. RAILROAD STOCK LAW—*Trespassing Horses—Duty of Railway Com-
pany.* Plaintiff's horses, without his fault and without the fault of
the railway company, went upon the track and were killed by a pas-
senger train. They were not seen by the fireman or engineer, al-
though they could have been seen half a mile before the collision.
*Held,* that until their presence was discovered the railway company
owed the plaintiff no duty respecting his horses and is not liable for
failure to see them.

2. SAME—*Former Decision Modified.* A. T. & S. F. Rld. Co. v. Davis,
31 Kan. 645, 3 Pac. 301, modified.

Appeal from Douglas district court; CHARLES A. SMART,
judge. Opinion filed December 11, 1915. Reversed.

*William R. Smith, Owen J. Wood, Alfred A. Scott,* and *Har-
low Hurley,* all of Topeka, for the appellant.

*Thomas Harley,* of Lawrence, for the appellee.

The opinion of the court was delivered by

WEST, J.: The second cause of action is not involved in this
appeal. The first is this: The plaintiff came to town, hitched
his team to a rack and went into a store; a boy on a bicycle ran
into the team and scared them; they entered upon the railroad
of the defendant at the Indiana street crossing, followed up the
track some distance, and were killed by a train coming from the
opposite direction. It was between eight and nine o'clock in the
evening but the horses were not seen by the engineer or fire-
man. The jury returned a verdict for the plaintiff and found
that the track where the horses were killed was enclosed with a
lawful fence in good condition, but also that a lawful fence in
good condition would not have prevented them from entering
upon the track at the time in question. Further, that the
proximate cause of the injury was, "The team being on track
and not being seen by employees of defendant," and that the
negligence of the defendant consisted in the failure of the engi-

neer and fireman to see the obstruction. These findings eliminate the fence question and leave the sole query whether, if the horses were frightened and went upon the track without the fault of the plaintiff, he can recover because of the defendant's negligence in not seeing them in time to avoid injury.

The plaintiff contends that under the rule in *A. T. & S. F. Rld. Co. v. Davis,* 31 Kan. 645, 3 Pac. 301, as the plaintiff was not negligent and the defendant was, the former can recover, which he could not do had he been consciously negligent himself.

The act of 1911 requiring headlights sufficient to outline the figure of a man on or adjacent to the track at a distance of eight hundred feet (Laws 1911, ch. 241,) is brought forward as an argument that the engineer and fireman must have been negligent in not seeing the horses before striking them. There is no charge of wantonness, but there is an express allegation that by the use of ordinary care and diligence the defendant's agents and servants could have observed the horses upon the track in ample time to avoid the injury. This raises the one clear question whether under the circumstances the defendant owed the plaintiff any duty until the discovery of the animals upon the track. In the Davis case it appeared that an emigrant train followed the colt as it ran up the track until its course was stopped by an open bridge. It was said:

"Without any fault on his part, and through the misconduct or negligence of some unknown person, in the nighttime, the gate was left open and through it the animal wandered upon defendant's track. While technically the animal was a trespasser, yet it was so trespassing after reasonable precautions had been taken by the plaintiff, and without any fault on his part. Under those circumstances, the company was bound to use ordinary care to prevent injury. . . . It is true that authorities in other states are conflicting on this question. . . . We think in principle, however, it is more just and fair that where the owner of stock is without fault, and has taken every reasonable precaution to keep his animals confined, and through some unexpected casualty, or misconduct or negligence of a third party, the animals escape from such confinement upon the grounds of another, the latter should use ordinary care to prevent their being injured." (pp. 654, 655.)

The defendant moved for judgment on the findings, the theory being that as wantonness was not shown there can be no

Emery v. Railway Co.

recovery.  All the evidence shown by the record touching the matter of negligence is the following:

"This railroad track runs in a straight line in a northwesterly direction for a distance of about two miles from where it intersects Indiana street, and that said railroad track and bed after leaving Indiana street is from fifteen to twenty-five feet higher than the surrounding country; that the team left Indiana street where it intersects with the railroad track and went up the track for a distance of about one-half a mile, the horse on the left side being all the time in the center of the track between the rails, and the horse on the right side being all the time just to the right of the east end of the ties; that about a hundred yards from the intersection of Indiana street and the railroad track there was a cattle-guard which the horses went over; that when said team had gone up said railroad track about one-half mile they were met by appellant's passenger train going in an opposite direction.  The engine pulling the train killed the two horses, demolished the wagon and destroyed the harness.  There was no eye-witness to the accident.  One of the horses was found near the track where it was killed, and the other horse was found on the pilot of the engine upon its arrival at the city of Lawrence. This was the first knowledge the engineer, fireman or any other person had of having struck the team.  This accident occurred about 8:40 o'clock at night northwest of the city limits of the city of Lawrence.  The night was dark, but the headlight of the engine was burning brightly and threw a bright light on the track so that objects could be seen on the track at a distance up to one-half mile in front of the engine, during all the time said train was traveling this mile and one-half to where the horses were killed; that said engineer and fireman did not see said team of horses on the track."

While an examination of the record in the Davis case discloses that failure to keep a lookout was found, the negligence shown consisted mainly in not stopping the train after the animals were seen on or near the track.  The rule contended for by the defendant is well stated in *I. C. R. R. Co. v. Noble*, 142 Ill. 578, 32 N. E. 684, the track being properly fenced:

"What duty then, as to care and caution, so far as it relates to the mere discovery of the fact that domestic animals are trespassing on a railroad track, does the railroad company and its employes owe to the owners of such animals?  It is scarcely necessary to observe that this is entirely apart from any inquiry as to the duty as to care and caution which a railroad company and its employes owe to its passengers, or to the owners of property in course of transportation, nor does it involve the same rules which apply after the presence of the trespassing animals has been discovered or is known.  The railroad company has the right to an unobstructed use of its track, and it is justified in presuming and in acting upon the presumption, until the contrary is brought to its attention, that its right in this respect will not be interfered with."  (p. 585.)

In *Rattenbury v. Pere Marquette R. Co.*, 172 Mich. 106, 137 N. W. 679, it was held:

"A railroad company is not bound to keep a lookout to discover horses trespassing on the track, but is only bound to save them after they are discovered, if it is reasonably possible to do so." (Headnote, 137 N. W. 679.)

The same doctrine was announced by the supreme court of Oklahoma in the case of *Missouri, K. & T. Ry. Co. v. Savage,* 32 Okla. 376, 122 Pac. 656, and in *Indianapolis, etc., R. Co. v. Goar,* 43 Ind. App. 89, 86 N. E. 968. (See, also, Note, 24 L. R. A., n. s., 858, 860, 861.)

It often happens that a railroad owes certain lookout duties to one person, but that the failure to observe them can not be availed of by another to whom they are not owed. (*Wood v. Railroad Co.,* 88 Kan. 477, 481, 129 Pac. 193; *Land v. Railroad Co.,* 95 Kan. 441, 148 Pac. 612, and cases cited. See, also, *Gibson v. Packing Box Co.,* 85 Kan. 346, 116 Pac. 502, and cases cited.) Modern passenger transportation by rail requires that so much attention be given by the engineer and fireman to the large and powerful engines now in use that it would be unreasonable to hold that they owe any duty to the owner of strayed or frightened animals to keep a lookout for their presence on the track where it is properly fenced. It is sufficient, both upon reason and by authority, if they use proper care after the presence of such animals is discovered. To this extent the Davis case is modified.

The judgment is reversed and the cause remanded for further proceedings in accordance herewith.