## WATKINS *v.* WATKINS.

[No. 27,850. Filed March 29, 1943.]

294

*George Sands,* of South Bend, for appellant.

*John W. Thomas* and *George A. Crane,* both of South Bend, for appellee.

SHAKE, J.—The appellee sued the appellant for a divorce and for the custody of their three-year-old child in the St. Joseph Superior Court. The complaint charged cruel and inhuman treatment and that the appellant was not a fit person to have the custody of said child. After the case was at issue the parties joined in requesting the court to cause its probation department to make a thorough investigation as to the conditions surrounding their respective homes, and that said report be received by the court and considered as evidence on the issue of the custody of said child, should a divorce be granted.

The venue of the cause was then changed to the Elkhart Circuit Court where the appellant filed a cross-complaint charging the appellee with cruel and inhuman treatment, and asking for the custody of said child on account of the appellee's alleged unfitness.

At the conclusion of the evidence the presiding judge declared, in open court:

"I believe I will take this under advisement and decide what to do. So far as the divorce is concerned I think the parties would be better off if they were legally divorced, but as to the custody of the child there is a question there as to what should be done. I would like to check into that. I will have the Probation Officer to make a check-up on it. I will not be influenced in any way as to the

granting of the divorce from the results of the check-up; I just want to know about the respective homes and custody of this child, and nothing else."

Subsequently, the court found for the appellant on her cross-complaint and that she was entitled to a divorce, but that the child should be made a ward of the court, placed in the custody of the appellee, and cared for in the home of the paternal grandparents, until the further order of the court. After the finding was announced, but before judgment, the appellant moved to see the report of the probation department, which motion was overruled. Judgment was then entered in accordance with the finding. During the term the appellant filed motions to modify the judgment and for a new trial on account of alleged errors relating to the order as to the custody of the child, both of which motions were overruled.

The propositions relied on for reversal are: (1) That it was error to deny the appellant's request to see the report which the probation department made to the court; and (2) that since the court found that the appellant was entitled to a divorce it was an abuse of discretion and contrary to law to adjudge, on the same evidence, that the appellee was entitled to the custody of the child.

The stipulation authorizing an investigation and report by the probation department was never withdrawn and followed the case to the trial court. Whether any such investigation was conducted or any report prepared or filed we do not know. The judge's certificate to the bill of exceptions recites that it "contains all the evidence given in said cause." No such report is contained therein, nor is there any showing that any was submitted or considered. The burden is on one asking for a reversal to present a record

disclosing that error was committed. Under the circumstances, we cannot say that it was error to deny the appellant's request "to see" such report.

However, we would not be understood as lending our approval to a trial court conducting such an extrajudicial inquiry as the appellant charges, but does not establish. On the contrary, we agree with what was said by the Supreme Court of Illinois in *Cohn* v. *Scott* (1907), 231 Ill. 556, 559, 83 N. E. 191, 121 Am. St. Rep. 342:

> "It is contended, however, that counsel agreed, after the evidence was heard in open court, that the chancellor himself should investigate the character of appellant and her home surroundings. . . .
>
> ". . . While a very large discretion must be permitted the chancellor hearing these cases, yet it must be a judicial discretion and subject to review on the evidence heard in open court. The agreement of counsel cannot bind as to the interests of the minor, which is the paramount question in this proceeding. If the chancellor could decide partly on investigation made out of court, then the whole decision might rest upon such an investigation and could not be reviewed. Such is not the law."

In support of her proposition that the trial court erred in awarding the custody of the child to the appellee, the appellant reasons that before a divorce may be granted there must be a guilty party and an innocent one; that by decreeing a divorce in her favor the trial court adjudged that she was innocent and that the appellee was not; and that the award of the custody to the appellee, upon a consideration of the same evidence as that by which the issue as to a divorce was determined, affirmatively establishes an abuse of discretion and conclusively demonstrates that the order is contrary to law.

"The welfare of the child is paramount to the claims of either parent, and its care and custody should be awarded with regard to the best interests of the child. The trial judge is in a position to see the parties, to observe their conduct and demeanor, and to hear them testify, and his decision ought not be reversed unless an abuse of discretion has been shown." *Cornwell* v. *Cornwell* (1940), 108 Ind. App. 350, 354, 29 N. E. (2d) 317, 318.

The great weight of authority is to the effect that the guilt or innocence of the parents is not necessarily a controlling factor and that custody may, in the sound discretion of the trial court, be awarded to the one against whom divorce was decreed. 27 C. J. S., Divorce, § 309e.

The appellant concedes that, independently considered, there was some evidence of her unfitness to have the custody of her child, but she urges that the preponderance thereof was in her favor. The weight of the evidence was for the trial court. It appears that the child is well provided for in the home of its grandparents, where the appellant is privileged to visit it at all reasonable times. The order is subject to modification to meet changed conditions and to promote the welfare of the child. We cannot say that the trial court abused its discretion.

The judgment is affirmed.

NOTE.—Reported in 47 N. E. (2d) 606.