SICANOFF *v.* MILLER ET AL.

[No. 18,975. Filed May 24, 1960. Rehearing denied July 1, 1960. Transfer denied March 3, 1961.]

536

*Bernard Landman, Jr., Charles B. Feibleman* and *Bamberger & Feibleman,* of counsel, all of Indianapolis, for appellant.

*Thomas E. Garvin, C. Ben Dutton, James Stewart* and *Alembert Brayton,* all of Indianapolis, for appellees.

BIERLY, C. J.—The Superior Court of Marion County entered a default judgment on a foreclosure of a mortgage on October 22, 1953, against Daniel C. Miller and Ann Miller, his wife, appellees to this action. Subsequently, on May 17, 1954, the property was sold at sheriff's sale to the appellant, Bert Sicanoff. Appellant, who was a stranger to the original action, paid the sum of $42,500.00 to the Sheriff of Marion County, and that being the amount of the purchase price.

The present action was brought praying a decree, in equity and alleging lack of service of notice of summons or process, challenging the default judgment and the sheriff's deed, by having the former voided and vacated, and the latter declared void and canceled; and that appellant be permanently enjoined from asserting or claiming any ownership or right of dominion, control or management over the real estate owned by the appellees, Daniel C. Miller and Ann Miller, and over the tenants therein.

This action was tried by the court, upon a change of venue, in the Hancock Circuit Court. Consistent judgment was entered for the appellees, Daniel C. Miller and Ann Miller, voiding the default judgment, declaring the sheriff's deed void and canceled, and

permanently enjoining Bert Sicanoff, appellant, from acts as prayed for in said action.

The paramount question which must be considered and decided on this appeal, concerns the validity of the service of process in the original foreclosure action.

The appellees contend that they were never legally served with summons or process in the original or foreclosure action and that the judgment, therefore, was null and void. If this contention can be maintained under the circumstances presented by the evidence, the trial court in the foreclosure action failed to have jurisdiction of the appellees as provided by Burns' 1946 Replacement §2-803. The consequence of the failure to acquire jurisdiction over the parties to an action was ably presented in *Calumet Teaming & Trucking Co.* v. *Young* (1941), 218 Ind. 468, 33 N. E. 2d 109, in that the court said:

"... Where a judgment is rendered without jurisdiction of the subject-matter or without jurisdiction of the person, the judgment is *void and not merely erroneous,* and it can be attacked directly or collaterally at any time. ..." (Our emphasis).

In the case at bar, the returns of the sheriff which were dated on the 17th day of April, 1953, purport to require the appellees to appear before the Superior Court of Marion County on May 1, 1953, to answer the complaint for a foreclosure in Cause No. B-97603. In that cause said judgment of foreclosure was entered on the 22nd day of October, 1953, and the sale of the real estate, ordered by said decree, was held by the sheriff on May 21, 1954.

The present action at bar was filed on the 8th day of June, 1954. The Sheriff of Marion County petitioned the Superior Court of Marion County for au-

thorization to amend his returns, heretofore dated April 17, 1953, in the foreclosure suit, and after notice to appellees, followed by hearing held thereon, said court authorized the sheriff to amend the returns, and the same were amended on the 8th day of November, 1954.

The original returns carried the address of 2608½ Central Avenue, Indianapolis; the original returns were amended by crossing out the above address and inserting in lieu thereof the address of 6107 Central Avenue in said city.

Appellees' theory, as portrayed in their complaint, is that, in fact, they were never legally served with the summons at 6107 Central Avenue; that the returns of the sheriff were a constructive fraud upon appellees, and hence, void and of no effect.

In turn, the appellant contended that the sheriff's amended returns constituted a part of the original action in No. B-97603, upon which the judgment of foreclosure was rendered, and, as such, it became and is res judicata as to the place where the summonses were served. On the other hand, appellees earnestly plead that the aforesaid amended returns constitute nothing more than a mere interlocutory order lacking the capacity as res judicata. A sheriff, by leave of the court, may amend his returns at any time. *Jackson* v. *The Ohio and Mississippi Railroad Co.* (1860), 15 Ind. 192; *Dwiggins et al.* v. *Cook et al.* (1880), 71 Ind. 579. In the latter case on page 580, the court said:

"The authorities are strongly in favor of the right to amend a return after the expiration of the official term. It is said in Bacon's Abridgment that, "If the return of the old sheriff happens to be erroneous, and a new sheriff be chosen, yet the court may cause the old sheriff or his under sheriff,

clerk or deputy to amend the same." 7 Bac. Abr. 195. *Adams* v. *Robinson,* 1 Pick 461; *Childs* v. *Barrows,* 9 Met. 413; *Blaisdell* v. *Steamboat Wm. Pope,* 19 Mo. 157."

*Turner et ux.* v. *The First National Bank of Madison* (1881), 78 Ind. 19; *Wilcox* v. *Moudy et al.* (1883), 89 Ind. 232.

The most important factor in a sheriff's amended return, as it concerns the case at bar, is that it dates back to the original action as to the time of the original service. *Dwiggins et al.* v. *Cook et al., supra.* Thence, the sheriff's return has the same force and effect as any part of the original proceedings.

The appellees rely upon the case of *State of New Jersey* v. *Shirk* (1920), 75 Ind. App. 275, 127 N. E. 861, and the other cited cases in support of the judgment of the trial court from which this appeal was taken. The case of the *State of New Jersey* v. *Shirk, supra,* speaks of what amounts to constructive fraud, and the decision appears to be controlled by a factor present in the other cases. In those cases where the judgments were vacated for lack of service and no actual fraud was present, the sheriff was mistaken as to a fact not presumptively within his personal knowledge. But, in the case at bar, the amended return discloses that a copy of the summons was left at 6107 Central Avenue, Indianapolis, which is admitted by the appellees to be their residence at that time. Hence, the officer was not mistaken as to the last and usual place of residence of the appellees, nor was he mistaken as to any fact not presumptively within his personal knowledge.

While it is true that the returns of a sheriff may be attacked upon the ground of actual fraud or collusion,

*Meyer* v. *Wilson* (1906), 166 Ind. 651, 76 N. E. 748, appellees present no contention of actual fraud or collusion, nor does such fact appear from the evidence. A sheriff's return can be attacked upon the ground that it fails to speak the truth of a *fact* not presumptively within the personal knowledge of the sheriff. *State of New Jersey* v. *Shirk, supra; Gaddis* v. *Barnes, Jr., et al.* (1953), 123 Ind. App. 624, 112 N. E. 2d 881; *Roth* v. *Bonar* (1951), 122 Ind. App. 174, 101 N. E. 2d 828; *Donnelley* v. *Thorne* (1943), 114 Ind. App. 468, 51 N. E. 2d 873.

But a sheriff's return is conclusive as stated upon its face, as to any fact which the sheriff can be presumed to know, *Hume et al.* v. *Conduitt et al.* (1881), 76 Ind. 598; *Cully* v. *Shirk, Executor, et al.* (1891), 131 Ind. 76; *Krug, Sheriff* v. *Davis* (1882), 85 Ind. 309; *Smith* v. *Noe* (1868), 30 Ind. 117; Flanagan, Wiltrout and Hamilton, Indiana Pleading and Procedure, §88, p. 149.

In the case at bar, the address where the summons was left, as stated upon the amended return of the sheriff, is a *fact* of which the process server can have positive knowledge. The rule, as previously stated in the foregoing cases, makes a return under such circumstances conclusive. This rule is absolute and is binding upon the court.

The judgment of the Superior Court of Marion County disclosed no impediment of any illegal proceedings on its face. The said Court possessed proper jurisdiction of both the subject matter and the party appellees. According to the evidence appellee, Dainel C. Miller, attended the sheriff's sale, and by his own testimony attended the sale for the purpose of bidding on the property through an adult person whom he brought to the sale for that purpose. No disclosure

according to said record was made by the appellees to the sheriff or to the subsequent purchaser that any question to the title of real estate to be sold was involved. But the evidence did show that a person accompanied Daniel C. Miller, appellee, to said sale and had funds with him for the purpose of bidding on said real estate but which were grossly insufficient with which to successfully purchase said real estate. It has been held in *Savage* v. *Foster* (1723), 9 Mod. 35, 88 Eng. Report, 299, 12 Eng. Rul. Cas. 309 that when land is to be sold publicly a party claiming an interest and knowing of such sale is required to assert his right by notice to the purchaser, but having not done so, he is further stopped from asserting a claim to void said sale. To the same effect the case of *Wendell* v. *Van Rensselaer* (1815), 1 Johns Ch. (N. Y.) 343, in 50 A. L. R. 714, in setting forth the obligations of a person present at a judicial sale and his failure to speak thereby resulting in an estoppel, it is stated:

". . . the existence of a duty to disclose an interest in real property is prima facie to be inferred, whenever it appears that the holder of the interest was physically present at the time when the transaction which affected his rights was being consummated. Some precedents for a different view are to be found in the reports. But they are so clearly opposed to the weight of authority that they may be confidently pronounced erroneous."

Also, the Appellate Court in *Bahar et al.* v. *Tadros etc. et al.* (1953), 123 Ind. App. 570, 112 N. E. 2d 754, at page 584 quoted from the *Wendell* v. *Van Rensselaer, supra,* case, the law as laid down by Chancellor Kent as follows:

"There is no better principle established in this court, nor one founded on more solid considerations of equity and public utility, than that which de-

clares that if one man knowingly, though he does it passively by looking on, suffers another to purchase and expend money on land under an erroneous opinion of title, without making known his claim, he shall not afterwards be permitted to exercise his legal right against such person. It would be an act of fraud and injustice and his conscience is bound by this equitable estoppel. 'Qui tacet consentire vidtur.' Qui potest et debet vetare, jubet.' "

In their amended complaint, in the case at bar, appellees allege that as a basis of the foreclosure action in the Marion Superior Court, they had executed the note and mortgage sued upon and that such action was for the collection of said note and for the foreclosure of said mortgage upon appellees' real estate. But appellees did not allege in their amended complaint nor does the evidence disclose that they did not owe the debt for which the judgment was rendered, or that in the event said judgment of foreclosure was vacated, set aside, and said sale declared null, void and of no effect, that a new trial of the cause would produce a materially different result, and the appellees make no offer to pay the amount of the indebtedness. Thus it appears that the appellees are not fortified with a mantle of protection requisite to a successful demand of a court of equity to exert its "extraordinary powers," for their protection. *Williams et al.* v. *Hitzie et al.* (1882), 83 Ind. 303.

The Williams case is somewhat analogous to the case at bar, as the appellant who was a bona fide purchaser at said sheriff's sale, had no knowledge of any alleged defect in the service of summons. Therefore, it appears that he may strongly assert in his behalf the application of the doctrine that "he who seeks equity must do equity."

In the case of *Miedreich* v. *Lauenstein* (1909), 172

Ind. 140, 86 N. E. 963, the Supreme Court affirmed the trial court in a suit "to vacate a decree of foreclosure of a mortgage and sale of her (appellant's) property, for an accounting for rents, and to be permitted to redeem, on the ground that she (appellant) had no notice of the original suit, and that her property had been taken without any notice, or opportunity to be heard." The test as to the application of the 14th amendment of the U. S. Constitution and the due process of law of our state Constitution was involved. The element of fraud was alleged and challenged. In this case of *Miedreich* v. *Lauenstein, supra,* the court at page 144 said:

> "The whole allegations must be taken together, and the scope and theory of the paragraph (fourth), as we construe it, is that the court ▪ was misled by a false return of the sheriff. The court had a right to rely and act upon the return. It imports verity to the court. The sheriff assumes the responsibility, in taking the office, of seeing to it that he does make the right service. . . .
>
> "If this were not true, no litigant could ever know when his rights were adjudicated and set at rest, and, to the end that the party may be made whole, an action for a false return will lie". (Against the process server.)

The court continued:

> "While courts should be, and are, tenacious of the rights of minors, yet they must proceed within recognized rules of equity, as well as of law. We do not think that the court erred in sustaining the demurrer to the fourth paragraph."

This *Miedreich* v. *Lauenstein, supra,* case was appealed to the United States Supreme Court and affirmed in *Miedreich* v. *Lauenstein* (1913), 232 U. S. 236, 34 S.

Ct. 309, 58 L. Ed. 584. In its opinion the Supreme Court said in part:

"So far as the record discloses the purchaser at the sheriff's sale had a right to rely upon the record, which imported verity as to the nature of the service upon the plaintiff in error. If this were not true, as the Supreme Court of Indiana points out, there would be no protection to parties who have relied upon judicial proceedings importing verity, upon the faith of which rights have been adjudicated and value parted with."

In the opinion of the United States Supreme Court in *Miedreich* v. *Lauenstein, supra,* it is further declared:

"Were the law otherwise titles might be attacked many years after they were acquired, where the party had been guilty of no fraud and had acted upon the faith of judicial proceedings apparently perfect in every respect."

In the original foreclosure proceedings referred to in the case at bar, the facts shown from the record were to the effect that the Sheriff of Marion County in fact made service of summons at the correct address of the appellees. Had there been allegations or proof of actual fraud the court in this cause would then have been called upon to determine the rights of a bona fide purchaser without notice or knowledge as against the rights of the appellees in this action. This issue was not presented since there was neither proof nor allegation of actual fraud or of any conspiracy or collusion upon the part of the plaintiffs in the original foreclosure action or by their attorneys. We are constrained to assert that upon the allegations of the appellees in their complaint, and from the record and proof presented at the trial, the court erred in setting aside the sheriff's sale of the real estate to a bona fide purchaser, a stranger to the original fore-

closure proceedings, to-wit, the appellant, who was without notice or information of any of the alleged defects in the proceedings, and who placed reliance upon the record thereof which clearly disclosed on its face a valid service of summons and a valid judgment by the Superior Court of Marion County.

In light of the foregoing, we must conclude that the service of notice of summons on the appellees, as evidenced by the amended return of the sheriff, complied fundamentally with the requirements of the law and that jurisdiction was acquired on the appellees, Daniel C. Miller and Ann Miller, husband and wife, in said original foreclosure action. Thus appellees' present action to have the original judgment in said foreclosure action, and the sale of the real estate held pursuant thereto set aside and declared null and void for lack of jurisdiction of the Marion Superior Court in entering the original judgment of foreclosure is unsubstantiated.

It is asserted by the appellees in their brief in this action that the invalidity of the sheriff's sale is sufficiently shown because said sale was not held at the court house door. The validity of the sheriff's sale at the court house door is not an issue before this court nor was it made a proper issue before the trial court. No allegation appears in the complaint of the appellees nor is there any evidence to the effect that the sale by the sheriff was improperly conducted. Appellees cannot now, in this Court, present an issue not raised or presented in the trial court. *Public Serv. Comm.* v. *Indianapolis Rys.* (1947), 225 Ind. 656, 76 N. E. 2d 841; *Discher, et al.* v. *Klapp, et al.* (1954), 124 Ind. App. 563, 117 N. E. 2d 753; *Mullins* v. *Bolinger* (1944), 115 Ind. App. 167, 55 N. E. 2d 381.

For reasons set forth in the foregoing opinion, judg-

ment of the trial court is reversed, and this cause is hereby remanded to the Hancock Circuit Court with instructions to sustain the appellant's motion for a new trial and for further proceedings not inconsistent herewith.

Judgment reversed.

Kelley, Gonas, and Smith, JJ., concur.

NOTE.—Reported in 167 N. E. 2d 481.