WINKLER *v.* WINKLER.

[No. 967S91. Filed April 18, 1969.]

*Dan R. Winchell, William F. Landers, Jr.,* of Indianapolis, for appellant.

*Jessie Levy, Mary Louise Wolfard, Arch N. Bobbitt,* of Indianapolis, for appellee.

PER CURIAM.—This is an appeal from the Superior Court of Marion County No. 3 modifying decree transferring custody of the three minor children of the parties, from the appellant to the appellee and awarding the appellee $7,200.00 a year as support for the children.

The decree issued after a trial before the court and the court having heard the evidence, and arguments of counsel, modified the change of custody of the three minor children, granting the custody to their mother, the appellee. It was further found that a reasonable sum for the support of the minor children should be fixed at $200.00 per month for each child. It provided visitation of the minor children with their father, the appellant, at least every other weekend beginning

Saturday at 9:00 A.M. and ending Sunday at 5:00 P.M. The court also allowed a reasonable amount for attorney fees of plaintiff-appellee's attorney in the sum of $500.00.

A nunc pro tunc entry, five days after the decree, was granted which set forth "That since the granting of the divorce herein on June 26, 1963, from a fair preponderance of the evidence submitted, there has been a substantial change of conditions affecting the best interests and the personal welfare of the minor children of the parties warranting a change of custody from the father to the mother." Said nunc pro tunc entry was incorporated in the decree and became a part thereof.

Appellant contends that the trial court erred in making extra judicial inquiry into the facts at issue and in considering the results of such inquiry as evidence. The appellant further contends that counsel's consent to interview did not waive appellant's objection to error, further contending that the statements solicited from the children in private interview were materially prejudicial to appellant's cause; that there was no substantial showing of change of circumstances to justify change of custody. Furthermore, that the trial court's restriction of appellant's right of visitation was not supported by the evidence and is contrary to law; that the support allowed exceeds the necessary or proper amount, and that it was error to require appellant to pay appellee's attorney fees.

On the question as to the court's interview, omitting the formal parts, we quote:

"And afterwards to wit March 14, 1967, being the 8th Judicial Day of the March term, 1967, of said Court, before the Honorable Glenn W. Funk, Judge thereof, the following further proceedings were had herein towit:

"Court files pursuant to motion results of interview with children, . . . ."

It is apparent from the record that appellant's attorneys in open court consented to the interview by the court of the two older children, Michel and Philip; further, appellant refused the invitation to be present at the court's interview and cross-examination of the children of the parties. Appellant having consented to an interview of the children by the court, and having consented to such procedure and not making prompt objection thereto could not wait until the outcome of the interview was known before making his objection. *Spencer v. State* (1958), 237 Ind. 622, 624, 147 N. E. 2d 581.

As to the attorney fees appellant cannot for the first time raise the issue of the authority or propriety of the allowance of a fee for appellee's attorney when such issue was not raised or presented in the trial court. *Sicanoff v. Miller, et al* (1960), 131 Ind. App. 535, 546, 167 N. E. 2d 481. In the present case the burden was upon the appellant to raise the question of lack of authority of the trial court to require him to pay a fee to appellee's attorney, in an affirmative answer to appellee's Petition for Modification, and having failed to do so, he cannot here raise such question for the first time on appeal.

In *Sicanoff, supra,* the burden was upon the appellee to raise the validity of the sheriff's deed in their complaint, and having failed to do so, they could not raise it on appeal.

There is no evidence in the record that the trial court below based its judgment upon information obtained by extra judicial inquiry. The trial court here could have believed the testimony of the appellant and his present wife, or any reasonable inferences which it might have drawn therefrom, however, it is evident from its decision that the trial court believed appellee and her witnesses and based its decision upon appellee's evidence and reasonable inferences which it may have drawn therefrom.

This court will not weigh the testimony of appellant and his present wife against statements of the children to deter-

mine the credibility of either. *Kraus v. Kraus Executor, etc. et al.* (1956), 235 Ind. 325, 132 N. E. 2d 608.

The decision of the trial court in the present case is supported by substantial evidence of probative value notwithstanding the fact that testimony offered by the appellant shows a different set of circumstances. This on the face of the record establishes a conflict in the evidence and invokes the rule as set forth in *Mitchell v. Mitchell* (1956), 126 Ind. App. 377, 381, 133 N. E. 2d 79:

> "This court cannot weigh conflicting evidence, and if there is any substantial evidence in the record to sustain the findings and the decisions of the trial court, the judgment must be affirmed. The trial judge, it must be borne in mind, as the trier of the facts, was not bound by the testimony of any single witness or any particular item of evidence. As has been so often and correctly stated, it was the exclusive province of the trial court to determine the credibility of the witnesses, whom he had an opportunity to observe, weigh the evidence. . . ."

This rule considering the sufficiency of the evidence in the present case has been emphasized also in *Heckman v. Heckman* (1956), 235 Ind. 472, 134 N. E. 2d 695.

No objection to the visitation privileges or support was made in the trial court and the question of attorney fees was not raised in appellee's petition for change of custody nor is there any evidence offered to the effect that the order of visitation, support or attorney fees as fixed by the court is improper.

The trial court was present and observed the witnesses and exercised its sound judicial discretion as to the welfare of the children. This court under the well established rules will not weigh the evidence, and as appellee has pointed out, there is substantial evidence of probative value to sustain the finding and judgment of the trial court,

and since appellant has shown no abuse of discretion, the judgment of the trial court will not be reversed.

The judgment of the trial court, therefore, is affirmed.

Givan, Hunter, JJ., not participating.

NOTE.—Reported in 246 N. E. 2d 375.