G. DAVID BLUE *v.* JOANNE E. (BLUE) BROOKS.

[No. 673S131. Filed November 16, 1973. Rehearing denied January 15, 1974.]

*Sherwood Blue,* of Indianapolis, *John R. Berry,* of Crawfordsville, for appellant.

*Samper and Samper,* of Indianapolis, for appellee.

HUNTER, J.*—This is an appeal from the partial modification of an original divorce decree. The original decree granted the appellant-father custody of two minor children. The modified decree granted custody of the minor daughter to appellee-mother and ordered that custody of the minor son remain unchanged. The appellant has properly presented four issues for our determination:

(1) Whether there existed such a change of circumstances so as to warrant a modification of the original decree;

(2) Whether the trial court erred in excluding from the record the results of its private conversations with the children;

(3) Whether out-of-court statements made to a psychologist were properly excluded;

(4) Whether the trial court was without jurisdiction to reverse a previous ruling upon the motion to correct errors.

---

* This case received in this office October 2, 1973.

The parties were divorced on January 15, 1965. Custody of the children, ages eight (8) and four (4) years, was granted to the father for "so long as Dorothea Blue, his mother lives in his house with him and the two children." On March 22, 1972, the appellee filed her petition seeking modification of the custody decree. At the time of the filing, both parties were remarried and the grandmother no longer resided with appellant. In her petition the appellee alleged that circumstances had changed so as to warrant a modification of child custody in the best interests of the children. She specifically alleged, *inter alia,* that the children were unhappy in the custody of their natural father, that said unhappiness was causing harm to their mental and physical health, that the children had repeatedly expressed a desire to live with their natural mother, that the children were prohibited, as a form of punishment, from freely telephoning their natural mother, that the father's attitude is one of vindictiveness toward the natural mother, and that the emotional development of the children has been severely hampered by conditions existing in the father's home. On August 7, 1972, the appellant filed his answer denying the allegations set out above. Trial was held and on August 23, 1972, judgment was rendered as follows:

> "Comes now the court and being duly advised, now sustains [appellee's] petition to modify in part, and the decree of divorce heretofore entered is now modified and custody of the minor daughter of the parties, Lorayna Blue, is now awarded to [appellee] mother. The matters of support and visitation is taken under advisement pending conference with counsel."

Appellant contends that there was insufficient evidence before the trial court to sustain appellee's allegations that a change of conditions had occurred to warrant the custody order modification. Indeed, the burden was properly upon the appellee to allege and prove that such change of conditions did exist. *Wible* v. *Wible* (1964), 245 Ind. 235, 196 N. E. 2d 571. The appellee herein carried that affirmative burden at trial. On appeal, this Court cannot

weigh the evidence, but must affirm the trial court's decision if it is substantially supported by the record. *Winkler* v. *Winkler* (1969), 252 Ind. 136, 246 N. E. 2d 375. As we stated in *Heckman* v. *Heckman* (1956), 235 Ind. 472, 134 N. E. 2d 695:

> ". . . . In considering the sufficiency of the evidence to sustain the finding of the court, a fragment, part or portion of the evidence is not plucked from the whole and appraised alone, but all the evidence, together with all the permissible and reasonable inferences deductible therefrom, is surveyed to determine the ultimate facts and circumstances established thereby favorable to the decision of the trial court. A reversal of a judgment predicated upon a finding results only when there exists no competent evidence to support such finding.

> "The trial court has before it, within its sight and hearing, the physical presence of the parties and oftimes their children. It hears their testimony, notes their actions and reactions, observes their sincerity, emotions, inflections and tones of voice, apparent state of health, and experiences the tenseness of the human drama enacted there within the confines of the court room. The appellate tribunal, on the other hand, has before it only the cold, written record. It sees only words, phrases, sentences, questions, answers, and exhibits. It is without the authority to weigh the evidence and determine[s] only that the requisite principles of law have been observed and duly applied, and that justice has been fairly and impartially administered." 235 Ind. 478-79.

Considering the evidence in the light most favorable to the appellee, we find that the decision of the trial court is supported by substantial evidence of probative value. The petiton for modification alleged twenty-six (26) paragraphs of circumstances calling for a change of custody. The original custody order was conditioned upon the paternal grandmother's continued residence in the natural father's home, The trial court found that such condition had not existed for quite some time before the petition for modification was filed. The evidence before the court showed that the minor daughter was in the physical company of three (3) male children, one of whom was suffering from a mental disorder.

There was evidence that the daughter was at times left alone in the company of the mentally retarded stepbrother her own age. At times another stepbrother was in the habit of exposing his genitals to the girl and using foul language around her.

The record discloses that the minor daughter is approaching the age of puberty and undergoing emotional as well as physical changes. The trial court found that the best interests of the child would be served by returning her to the custody of her natural mother. We will not disturb its judgment here.

The appellant contends that the trial court committed reversible error by not including in the record the results of its private conversations with the children in chambers. The appellant does not attack the procedure employed by the trial court, but asserts that the trial court based its judgment upon this extra-judicial inquiry. Indeed, both parties consented to the private interview and, therefore, cannot now challenge its outcome. *Winkler* v. *Winkler, supra.*

However, the critical issue here is whether the trial court based its judgment upon this confidential discussion with the children. A judgment based upon extra judical inquiry cannot stand. *Watkins* v. *Watkins* (1942), 221 Ind. 293, 47 N. E. 2d 606.

We inject here that in cases where child custody is in issue, and with the parties' consent, confidential interviews between the court and the children involved should be encouraged where the minors are of sufficient age and understanding. Such a procedure better enables the trial court to ascertain the best interests of the child, because the constraints of open court with both parents and witnesses present are lifted.

As to appellant's contention, we are persuaded that the better rule is that so long as the trial court's decision does not rest primarily upon the results of a private interview, it is not error to exclude the results of said interview from the record:

"Frequently these conferences are conducted with a promise by the trial judge that the information is confidential, that

the child need not repeat what has been said and the judge will not repeat what has been said. It is vital that this confidence be observed.

"In this, one of the most difficult responsibilities of a trial judge, the judge is privileged to consider the information so secured in his final decision. The information given to the trial judge during the in chambers conference may well be the crucial and determining factor in the court's decision. We do not say that if the record is overwhelming in favor of one decision that the in chambers conference alone will be sufficient to sustain a contrary finding for that problem is not before us. In this case, the reported evidence sustains the decision and we must assume that the decision is fortified and strengthened by the in chambers conference." *Bailey* v. *Bailey,* (1966), 3 Ariz. App. 138, 142, 412 P. 2d 480, 484.

Accordingly, we have examined the record in the case at bar hereinabove, and we have found substantial evidence *on the record* to sustain the trial court's judgment. Therefore, we find no error upon this issue.

Appellant retained a child psychologist to examine the children prior to trial. Appellee objected to the witness testifying as to verbatim statements made to him by the minor son concerning the boy's preferences as to his natural parents. The objection was sustained. Appellant contends that such action by the trial court was prejudicial. However, the custody of the minor son is not in issue upon this appeal. His custody was not changed by the court bleow.

Arguably assuming that the trial court's ruling was directed to statements made by both children, appellant's contention still must fail. The psychologist was allowed to testify fully as to the results of his interviews, the substance of his conversations, the fact upon which he based his conclusions, and his opinion as to the children's emotional stability. Appellant was not prejudiced because the verbatim expressions were excluded.

Out-of-court statements offered in court for the truth of the matter therein are hearsay. But where the statements are not offered for the purpose of proving the fact as-

serted, they are not hearsay. *Indianapolis Newspapers, Inc.* v. *Fields* (1970), 254 Ind. 219, 249 N. E. 2d 651. Nevertheless, there was no prejudicial error here. In sustaining the objection, the trial court stated:

"I gave you both an opportunity to make a record on this because I would agree that this is an exception to the hearsay rule that an expert can relate conversations upon which he built his opinion, but I am not going to allow it in this case. I know of no law on this subject. I sorta anticipated this morning this might happen. I know Doctors and medical physicians can testify as to what the patient told them their complaints were and what happened, how it acted and occurred, etc., and real estate appraisers can testify as to conversations they had with real estate brokers, farmers and everybody else, an it is an exception to the hearsay rule, but here we have a situation where if Mr. Bragiel, who is qualified and there is no question about that he is an expert in the field of psychology with a specialty in child psychology. Nevertheless, if he testifies as to matters that the children related to him directly, I think it is going so much to the basis of this case that I am reluctant to allow it even though his testimony has nothing to do with the truth or untruth of what the children told him. I still feel that this does not fall within that hearsay. I think he is perfectly competent, and the evidence would be admissible as to what he observed, and that he reached certain conclusions after conversations with these children. But, as to the specific substance of conversations, as I say, I may give you some room to make some law here, but . . ."

Thus, the trial court in its wise discretion refused to allow into the record the verbatim conversations between the psychologist and the children. The court, by consent of both parties, was to conduct a private interview with the children. It chose not to rely upon declarations made to the expert, but welcomed fully the witness's opinion. The preferences of the children would be disclosed in confidence. It was for the trial court to determine the best interests of the children, not for the psychology expert to relate "second-hand" what was said to him.

Finally, the appellee contends that the trial court was without jurisdiction to reverse its ruling upon the motion to correct errors. The court originally sustained the appellant's

motion to correct errors as to two specifications and set a date for further hearing. Subsequent to the ruling and before the hearing date, the appellee filed a motion in opposition to appellant's motion to correct errors. After granting the appellant an opportunity to respond, the trial court overruled the motion to correct errors "in toto." Appellant does not allege that he was in any way prejudiced by the trial court's action. His right to appeal was never impaired. We find no merit in his argument.

For all the foregoing reasons, the judgment of the trial court is hereby affirmed.

Arterburn, C.J., DeBruler and Givan, JJ., concur; Prentice, J, concurs in result.

## CONCURRING OPINION

PRENTICE, J.—I concur in the result reached by the majorty. However, I do not agree that the critical issue is whether the trial court based its judgment upon the confidential extrajudicial inquiry nor in the anomaly that so long as the trial court's decision does not rest primarily upon the results of the private interview, it is not error to exclude the results of the interview from the record.

As stated by the majority, a judgment based upon an extrajudicial inquiry cannot stand. *Watkins* v. *Watkins* (1943), 221 Ind. 293, 47 N. E. 2d 606. However, it is not logical to me that parties may agree to such an inquiry and at the same time restrict the weight to be accorded to the findings thereof. It is as though a party permitted inadmissible evidence to go before the jury and then contended that it could not consider it or could not determine the weight to be given to it. Without discounting the potential value of a confidential interview such as was held in this case, I see no way to avoid a decision based entirely thereon, even though it be contrary to the evidence disclosed by the record. If parties consent to an extrajudicial inquiry, they must be held to have waived the right to question the sufficiency of the evidence, because

the entire evidence is not available for review. Whether the trial judge's decision does or does not rest principally upon the results of the extrajudicial inquiry is immaterial. This is true, because upon appeal we are concerned only with the reasonableness of the decision, assuming the truth of the testimony and the correctness of reasonable inferences favorable to it. We do not weigh the evidence nor speculate upon the weight accorded to it by the trier of the facts. *Blackburn* v. *State* (1973), 260 Ind. 5, 291 N. E. 2d 686; *Turner* v. *State* (1972), 259 Ind. 344, 287 N. E. 2d 339; *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558.

NOTE.—Reported in 303 N. E. 2d 269.