**Warren HELMS, Appellant,**

v.

**Jean HELMS, Appellee.**

**No. 1–1085A251.**

Court of Appeals of Indiana, First District.

April 9, 1986.

1154

Andrew C. Mallor, Law Offices of Andrew C. Mallor Associates, P.C., Bloomington, for appellant.

Barbara A. Nardi, Baker, Barnhart, Baker & Nardi, Bloomington, for appellee.

ROBERTSON, Presiding Judge.

Appellant/petitioner Warren Helms (Warren) appeals the modification, in favor of appellee/respondent Jean Helms (Jean), of the parties' decree of dissolution.[1]

We affirm.

The marriage of Warren and Jean Helms was dissolved on April 21, 1979. Two children were born of this marriage: Cheryl and Joshua. The decree of dissolution incorporated the couple's written separation agreement. That agreement purported to give Warren and Jean joint custody of Cheryl and Joshua. It further provided that during periods of time that the children were in the custody of one parent, the noncustodial parent was not obligated to provide child support contributions. Warren was permitted to claim both children as dependents for the purposes of the income tax exemption.

The facts favorable to the judgment disclose that over the four years following the divorce, the children lived with Warren, except for a period of approximately one year when Cheryl lived with Jean. Cheryl returned to live with Warren when financial difficulties mounted at Jean's home. When the children lived with Warren, Jean visited them occasionally. Beginning at some time not apparent in the record, Cheryl's behavior became difficult for Warren to control. She had begun to abuse drugs and alcohol, although Jean indicated that Cheryl had not taken drugs since coming to live with Jean.

In April 1983, Cheryl moved to her mother's home. Cheryl's problems continued under Jean's custody, and Jean and Warren took Cheryl to an in-patient adolescent psychiatric center in February 1984. At the end of two months of individualized counseling, Cheryl returned to Jean's custody. Unfortunately, Cheryl continued to be belligerent and difficult to handle, and was doing poorly in school. The unrest culminated in Cheryl's admittance in April 1985 to Oneida Baptist Institute, a boarding school in Kentucky. Cheryl lived in Kentucky while school was in session, returning to Jean's home during breaks. Since attending the school, Cheryl had demonstrated improvement in her behavior as well as in her school work. At the time of the modification hearing in May 1985, Cheryl's continued attendance at Oneida depended upon the payment of fees which were incurred during the months of April and May 1985, as well as payment of future tuition at the school.

In her petition for modification, Jean requested that she be awarded custody of Cheryl, and that Warren be ordered to pay the cost of Cheryl's attendance at Oneida Baptist School, and to pay child support when Cheryl resides with Jean. The court granted Jean's petition, awarding custody of Cheryl to Jean and requiring Warren to pay one-half of the monthly expenses incurred at Oneida Baptist School as well as Cheryl's uninsured medical expenses. Warren's support obligation was to be $50.00 per week when Cheryl no longer attends Oneida and returns to Jean's residence. Finally, Jean was permitted to claim Cheryl as her dependent for income tax purposes.

Warren's appeal raises three issues:

    I.   Whether there existed a substantial and continuing change of circumstances making the existing custody order unreasonable.

1. Jean brought the present action to modify the dissolution decree in which Warren was the original petitioner.

II. Whether the trial court abused its discretion in ordering Warren to pay child support.

III. Whether the trial court erred in granting to Jean the right to claim Cheryl as a dependent on Jean's income tax return.

ISSUE I:

■ A court may modify an existing custody order only upon a showing of changed circumstances so substantial and continuing as to make the existing custody order unreasonable. IND. CODE 31–1–11.5–22(d) (1982). Warren contends that the trial court's modification of the custody arrangement under the original decree is not supported by sufficient evidence of such changed circumstances because Cheryl's residing with Jean since 1983 was contemplated under the parties' joint custody agreement in which the children might live with either parent.

■ The parties' separation agreement in which custody of their children was determined was executed as part of the dissolution decree in 1979. At that time, no statutory provision for joint legal custody existed,[2] and a decree providing for joint custody was therefore contrary to law. *Lord v. Lord*, (1982) Ind.App., 443 N.E.2d 847.

The following are pertinent provisions of the separation agreement:

### CHILDREN

1. Warren and Jean shall have joint custody of the minor children of the parties, Cheryl Ann Helms born May 28th, 1969, and Joshua Warren Helms born January 17th, 1975.

2. Warren shall have the specific right and obligation to determine the residence, education and health care of the minor children.

3. Jean shall have reasonable access to and visitation with the children. This shall include weekends, an extended period of eight (8) weeks minimum during the summer months with reasonable advance notice to Warren; and shall include alternate major holidays and one (1) week at Christmas ... neither party shall be denied the privilege of sharing a portion of each children's (sic) birthday with that child. Warren shall have like privileges of visitation during any continuous or extended period when the children are in the physical custody of Jean.

■ Although the parties denominate this arrangement one for joint custody, the agreement explicitly grants to Warren the right and obligation to make major decisions concerning the children's upbringing: their residence, education, and health care. These are decisions generally shared by joint custodians under I.C. 31–1–11.5–21(f). (1984 Supp). While the decree contemplated that the children might be in Jean's care for extended periods of time, the essence of paragraph three is that Warren will be the primary custodian, with Jean enjoying visitation of the children for prescribed periods and holidays.

The agreement under consideration here is comparable to that in *Lubeznik v. Liddy*, (1985) Ind.App., 477 N.E.2d 947. In *Lubeznik*, the court of appeals rejected the father's contention that the trial court had awarded the parties joint custody under the decree which pre-dated the enactment of the present joint custody provision. In that decree, the court explicitly gave custody of the children to the mother, subject to the condition that the parties share approximately equal amounts of time with the children. Additionally, both parents were to have joint responsibility for reaching important decisions affecting the daily lives of their children, such as school and religious training. The court of appeals held that the court had unambiguously given the mother sole custody, notwithstanding the liberal visitation in favor of the father and the terms giving him a voice in decisionmaking.

In *Lubeznik*, the appellate court harmonized the provisions for equal visitation and decisionmaking with the clause granting

---

**2.** IND.CODE 31–1–11.5–21(f) was added in 1983.

sole custody to the mother. In the agreement in the instant case, a provision that the parents will be joint custodians is inconsistent with the terms which follow, vesting in Warren the duties and obligations of a custodial parent. We must conclude that the decree provides that Warren will have custody of the children, and not that the parties are joint custodians.

■ The trial court did not abuse its discretion in finding a substantial and continuing change of circumstances. There was evidence that Cheryl's continued residence with Jean had an ameliorative effect upon Cheryl, who had developed behavioral difficulties since the time of the original decree. Moreover, the trial court was within its discretion indetermining that the previous custody arrangement is no longer in the best interests of the child. *In re Marriage of Davis*, (1982) Ind.App., 441 N.E.2d 719; *Franklin v. Franklin*, (1976) 169 Ind. App. 537, 349 N.E.2d 210. Warren has failed to demonstrate any abuse of discretion.

ISSUE II:

■ Warren argues that the trial court abused its discretion in directing him to pay $50.00 per week child support to Jean for Cheryl's benefit. Much of Warren's argument centers on his contention that there was insufficient evidence of a substantial and continuing change of circumstances to justify the child support award, relying upon I.C. 31–1–11.5–17(a) (1982). We have disposed of this argument in Issue I. Furthermore, change of custody from one parent to another is, in itself, a substantial change of circumstances which justifies a modification of support. *Rice v. Rice*, (1984) Ind.App., 460 N.E.2d 1228.

■ Warren's assertion that the trial court failed to consider the parties' relative financial resources is also unavailing. The court heard evidence that Jean was earning $18,200 annually at the time of the hearing. Warren's income during 1984, the calendar year immediately preceding the hearing, was $23,282.00. Warren's income had declined from previous years; however, the trial court was entitled to weigh testimony that Warren's income would continue to decline and that Jean's income would increase. We may not reweigh the evidence nor judge the credibility of witnesses in reviewing a child support order. *Payson v. Payson*, (1982) Ind.App., 442 N.E.2d 1123. We will find an abuse of discretion only when a modification is clearly against the logic and effect of the circumstances before the trial court. *Id.* There was no abuse of discretion.

ISSUE III:

For his third allegation of error, Warren asserts that the court erred in granting to Jean the dependency exemption for income tax purposes.

■ State courts have authority to determine who is to receive the dependence exemption at the time the court considers the financial arrangements which are to apply between the parties. *Morphew v. Morphew*, (1981) Ind.App., 419 N.E.2d 770. *See also* H.Rep. No. 98–432 II, 98th Cong., 2d Sess., *reprinted in* 1984 U.S.Code Cong. and Ad. News 697, 1140. Congress pronounced in I.R.C. § 152(e) the general rule that the custodial parent is entitled to take the dependent child as an income tax exemption. The custodial parent is the parent having custody for a greater portion of the calendar year. I.R.C. § 152(e)(1)(B). Warren attempts to rely upon the exception to the general rule contained in § 152(e)(4):

(4) Exception for certain pre-1985 instruments.

(A) In general.—A child of parents described in paragraph # (1) shall be treated as having received over half his support during a calendar year from the noncustodial parent if—

(i) a qualified pre-1985 instrument between the parents applicable to the taxable year beginning in such calendar year provides that the noncustodial parent shall be entitled to any deduction allowable under section 151 for such child, and

(ii) the noncustodial parent provides at least $600 for the support of such child during such calendar year. For purposes of this subparagraph, amounts expended for the support of a child or children shall be treated as received from the noncustodial parent to the extent that such parent provided amounts for such support.

(B) Qualified pre-1985 instrument.—For purposes of this paragraph, the term "qualified pre-1985 instrument" means any decree of divorce or separate maintenance or written agreement—

(i) which is executed before January 1, 1985.

(ii) which on such date contains the provision described in subparagraph (A)(i), and

(iii) which is not modified on or after such date in a modification which expressly provides that this paragraph shall not apply to such decree or agreement.

▮▮▮▮ Warren's reliance on this exception is misplaced. Paragraph four of I.R.C. § 152(e) applies to existing agreements in which the custodial parent had agreed to release his or her claim to the dependence exemption to the noncustodial parent. H.Rep. No. 98–432 II, 98th Cong., 2d Sess., *reprinted in* 1984 U.S.Code Cong. and Ad. News, 697, 1141. The parties' original separation agreement, a qualified pre-1985 instrument, gave Warren the tax exemption for the children, "as the parent contemplated to have actual physical custody of the children for the majority of each year ..." Jean had not released her claim to the dependency exemption; Warren was the custodial parent under the decree.

▮▮▮ The general rule entitling the custodial parent to the income tax exemption for dependent children is applicable in this case. The trial court did not err in awarding the exemption to Jean.

Judgment affirmed.

RATLIFF and NEAL, JJ., concur.