In re the MARRIAGE OF Karen Ann SAUNDERS, Respondent-Appellant, and Ronald Ralph Saunders, Petitioner-Appellee.

No. 32A01–8603–CV–56.

Court of Appeals of Indiana, First District.

Aug. 20, 1986.

Vernon J. Petri, Vernon J. Petri, P.C., Indianapolis, for respondent-appellant.

Thomas G. Brenton, Brenton & Brenton, Danville, for petitioner-appellee.

## STATEMENT OF THE CASE

RATLIFF, Judge.

Karen Ann Saunders (Wife) appeals the decree of dissolution of marriage entered by the Hendricks County Superior Court No. 1, challenging the award of custody of the parties' minor children to Ronald Ralph Saunders (Husband) and the order requiring her to pay child support of Fifteen Dollars ($15.00) per week per child. We affirm the award of custody but reverse the support order.

## FACTS

Husband and Wife were married on April 8, 1967, and separated on May 3, 1985. Their marriage was dissolved by decree entered November 8, 1985. Custody of the parties' four (4) children, ages 15, 12, 5, and 3, was awarded to Husband. Wife was ordered to pay Fifteen Dollars ($15.00) per child per week support for the children. During the trial, the judge conducted an *in camera* interview with the parties' twelve year old daughter, Tammy, in the absence of the parties and their attorneys.

Husband is an electrician whose annual gross income is approximately $40,000. Also, Husband is engaged in raising, selling, and racing quarter horses which has been successful financially. He also engaged in the sale of scrap copper for some twenty (20) years, and in 1984, earned approximately $3000 from this endeavor.

On the other hand, Wife, a high school graduate, has no specialized training, skill, or occupation. From 1967 until 1970, she was employed as a receptionist for a doctor. She left employment when her first child was born and did not return to the labor market until 1981. She is employed by Crown Services, a temporary employment service. She works from thirteen to twenty hours per week at $4.65 per hour, earning from $60.00 to $90.00 per week. She also has engaged in the sale of Tupperware.

Other relevant facts are stated in our discussion of the issues.

## ISSUES

The issues raised in this appeal are re-ordered and restated as follows:

1. Did the trial court err in awarding custody of the children to Husband based only upon an extra-judicial inquiry by the court?

2. Was the trial court guilty of a manifest abuse of discretion in ordering Wife to pay child support of $15.00 per week per child?

## DISCUSSION AND DECISION

*Issue One*

The controversy here concerns the award of the three younger children to Husband. It was agreed that Husband should have custody of the parties' eldest daughter, fifteen year old Tracy.

■ In determining child custody,

"[t]he court shall consider all relevant factors, including:

(1) the age and sex of the child;

(2) the wishes of the child's parent or parents;

(3) the wishes of the child;

(4) the interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interests;

(5) the child's adjustment to his home, school, and community; and

(6) the mental and physical health of all individuals involved."

Indiana Code section 31–1–11.5–21. The court, however, is not limited to a consideration of the factors enumerated in the statute, but may consider all relevant factors bearing upon the best interest of the child. *D.H. v. J.H.* (1981), Ind.App., 418 N.E.2d 286. The crucial consideration in any child custody determination is the best interest of the children. *Wright v. Wright* (1984), Ind.App., 471 N.E.2d 1240, *trans. denied; Whitman v. Whitman* (1980), Ind.App., 405 N.E.2d 608. Since determination of child custody is committed to the sound discretion of the trial court, we presume that court reached a correct result and will reverse a custody award only for manifest abuse of discretion. *Wright,* at 1242. We will find manifest abuse of discretion only if the trial court's custody order is clearly against the logic and effect of the facts and circumstances before the court. *Hoyle v. Hoyle* (1985), Ind.App., 473 N.E.2d 653; *In re Vasoli* (1985), Ind.App., 471 N.E.2d 1178, *trans. denied.* In reviewing the trial court's determination, we neither weigh the evidence nor judge credibility of witnesses, for that is particularly the function of the trial court. *Truden v. Jacquay* (1985), Ind. App., 480 N.E.2d 974; *D.H. v. J.H.,* at 296.

■ Wife contends the trial court based its custody decision solely upon the basis of the *in camera* interview with Tammy, and that there is insufficient evidence to support the decision. We disagree.

There is specific statutory authorization for in chambers interview of a child in a custody determination. Ind.Code § 31–1–11.5–21(d) provides:

"(d) The court may interview the child in chambers to ascertain the child's wishes. The court may permit counsel to be present at the interview, in which event a record may be made of the interview and the same may be made part of the record for purposes of appeal."

This court has stated:

"The provision for in-chambers interviews with minor children allows the judge to fulfill his duty without placing the child in an adversative position between battling parents. It is for the judge to determine the weight and credibility to be accorded a child's disclosures, and it is obvious that this determination is facilitated by assurances to the child that his conversations will be strictly confidential.

"[T]he statute gives the trial court full discretion in deciding whether counsel should be present or whether the interview should be recorded, and we believe this is sound policy.

"It is true that a judgment based solely upon an extra-judicial inquiry can not stand. *Watkins v. Watkins* (1943), 221 Ind. 293, 47 N.E.2d 606. However, in the very special case of child custody or visitation the situation is somewhat different and the Indiana Supreme Court has addressed the issue decisively in *Blue v. Brooks* (1973), 261 Ind. 338, 303 N.E.2d 269. The Court reasoned that confidential interviews between the court and children should be encouraged in the interest of better enabling the trial court to ascertain the best interests of the child without the constraints of open court with parents and witnesses present. The Court held that so long as the trial court's decision does not rest primarily upon the results of a private interview, it is not error to exclude the results of the interview from the record. *Id.,* 303 N.E.2d at 272. Upon examination of the entire record, the Court found substantial evidence to support the trial court's judgment and therefore no error

in excluding the results of the interview. *Id.*"

*Truden,* at 978–79.

The evidence here showed that Wife often was away from the home until late hours while engaged in her Tupperware business, and that Husband spent extensive time caring for the children. Wife had serious disciplinary problems with the children to the extent of physical fighting with Tracy. Wife did not keep the house in good order, and, in fact, the home was such a mess the children were embarrassed to bring friends home. In view of this evidence, it is clear the trial court's custody determination did not rest primarily upon the private interview. Our examination of the entire record revealed substantial evidence to support the trial court's custody determination. The court did not abuse its discretion.

*Issue Two*

■ Like custody determinations, the amount of a child support order is relegated to the sound discretion of the trial court, and will be overturned only if that court abused its discretion or acted contrary to law. *Wright,* at 1243; *Hoyle,* at 656; *Vasoli,* at 1180. We may not reweigh the evidence nor judge the credibility of witnesses in reviewing a child support order. *Helms v. Helms* (1986), Ind.App., 490 N.E.2d 1153. We may reverse such an order only if it is clearly against the logic and effect of the facts and circumstances. *Hoyle,* at 655.

Support orders may be entered against either or both parents. Indiana Code section 31–1–11.5–12. In determining a reasonable support order, the court shall consider all relevant factors, including:

"(1) the financial resources of the custodial parent;

(2) standard of living the child would have enjoyed had the marriage not been dissolved or had the separation not been ordered;

(3) physical or mental condition of the child and his education needs; and

(4) financial resources and needs of the noncustodial parent.

(b) Such child support order may also include, where appropriate:

(1) sums for the child's education in elementary and secondary schools and at institutions of higher learning, taking into account the child's aptitude and ability and the ability of the parent or parents to meet these expenses;

(2) special medical, hospital, or dental expenses necessary to serve the best interests of the child; and

(3) fees mandated under Title IV–D of the federal Social Security Act."

Ind.Code § 31–1–11.5–12.

Here, Wife was required to pay a total of $60.00 per week support even though her earnings were but $60 to $90 per week. In other words, the support order nearly consumed Wife's entire earnings which she was required to pay to Husband who had gross earnings of $40,000 per year. Husband argues Wife's financial resources, being the amounts she received in the distribution of marital property, enable her to meet the support order and make the order reasonable. We do not accept that argument.

Wife received some of the furniture and household goods, an automobile, and a judgment for $45,689.55. On the other hand, Husband received a $64,500 house subject to a debt of $43,000, and all other property not awarded to Wife. Each party was ordered to pay his or her attorney's fees. Husband was ordered to apply funds remaining from the sale of horses, about $30,000, to the judgment. The remainder was not payable until the earliest of the following contingencies: (a) Husband sold the real estate; (b) an unrelated female moved into the house with Husband; (c) the youngest child, then aged 3 years, became eighteen. Wife's support obligation was made a lien on the judgment.

Thus, Wife, who had no training or skills, and who had to obtain living quarters, was faced with the choice of applying all of her earnings to payment of support, or of declining to pay the support and have her money judgment consumed by her support

delinquency. This is unjust and against the logic and effect of the facts and circumstances. The support order impoverishes Wife to benefit Husband who has a skilled occupation for which he is well rewarded.

It is true the statute (Ind.Code § 31–1–11.5–12) directs the court to consider the financial resources of both parents when setting support. This means the financial position of the parents after dissolution and distribution of the marital assets. *In re Vasoli*, at 1182. However, what Wife received must be weighed against the fact that she had limited employment and no particular skills or training. *See In re Vasoli*, at 1182. Particularly in this case where Wife's financial resources are somewhat illusory, since she must either apply all of her earnings or obligate all of her remaining money judgment to pay the support, her nebulous resources must be weighed against her limited earnings and earning potential.

We do not substitute our judgment for that of the trial court. However, on the facts of this case, we hold that requiring payment by Wife of a substantial support order was an abuse of discretion. Therefore, we reverse the support order and remand the issue of child support to the trial court for redetermination consistent with this opinion.

Affirmed in part and reversed in part. Costs to be divided equally between the parties.

ROBERTSON, P.J. and NEAL, J., concur.