**In re MARRIAGE Of Ann L. BROWN,**
**Appellant–Petitioner,**

**and**

**Mike E. Brown, Appellee–Respondent.**

**No. 52A05–9201–CV–18.**

Court of Appeals of Indiana,
Fifth District.

Aug. 20, 1992.

Linley E. Pearson, Atty. Gen., Leneigha L. Downs, Deputy Atty. Gen., Indianapolis, for appellant-petitioner.

Jeffrey G. Price, Peru, for appellee-respondent.

RUCKER, Judge.

When seventeen-year-old Trinity Brown refused to visit her father in compliance with the terms of a modified divorce de-cree, the trial court judge issued an order emancipating Trinity and terminating the father's support obligations. The mother, who was the custodial parent, now appeals the trial court's decision arguing the evidence is insufficient to support an order for emancipation.[1] We agree and therefore reverse.

The facts relevant to this appeal show the marriage between Ann L. Brown (Mother) and Mike Brown (Father) was dissolved April 17, 1975. One child, Trinity, was born as a result of the marriage. Under the terms of the dissolution decree Mother was granted custody of then ten-month-old Trinity and Father was granted reasonable visitation and ordered to pay child support in the amount of $15.00 per week. The decree was modified in 1981 and support was increased to $30.00 per week.

Apparently, during Trinity's early childhood, her relationship with Father was relatively good and visitation proceeded without difficulty. However, over the past ten years the relationship has deteriorated significantly. Trinity has resisted visiting Father and the record reveals an incident occurring in 1990, while Trinity was present at Father's home for a scheduled weekend visit, she and Father became engaged in a heated argument which included a physical altercation. In addition, Mother has remarried and Trinity has assumed Mother's surname of "Johnston." Consequently, when Mother filed a petition to increase child support payments, Father responded by filing his Petition to Establish Specific Visitation and a Petition to Emancipate Child and or Terminate Child Support. After conducting a hearing, the trial court granted Mother's petition and increased child support payments to $76.00 per week. The trial court denied Father's request for emancipation, but entered an order setting forth a detailed visitation schedule.

Apparently, the visitation schedule had no impact on Trinity's behavior. There-

---

1. In her brief, Mother also raises the issue of whether the trial court erred in ruling on Daughter's emancipation when Father's motion to correct errors did not request emancipation. Because we reverse, we decline to address this issue.

fore, within thirty days of the trial court's order, Father filed a timely motion to correct errors alleging, among other things, that despite his best efforts to see Trinity, his attempts were thwarted because Trinity continuously refused to comply with the visitation schedule ordered by the court. The motion also alleged Trinity was no longer living with Mother, but rather she was living with another teenager at a location outside of Miami County. Father's motion requested: a) child support payments be made directly to Trinity, b) visitation terms for the summer of 1991 be modified, and c) that the court address the issue of Trinity using the surname Johnston rather than her true surname Brown.

After conducting a hearing on Father's motion to correct errors, and after conducting an *in camera* interview and telephone conversation with Trinity, the trial court terminated further child support, vacated the visitation schedule, and emancipated Trinity. Mother now appeals.

■ We first note Father has not filed a brief for our examination and review. Where no answer brief is filed, the judgment may be reversed if the appellant's brief presents a prima facie case of error. *Watkins v. Alvey* (1990), Ind.App., 549 N.E.2d 74. The prima facie error rule protects this court and relieves it from the burden of controverting arguments advanced for reversal, a duty which properly remains with counsel for the appellee. *National Mutual Ins. Co. v. Eward* (1987), Ind.App., 517 N.E.2d 95, 103 n. 8. Thus, Mother may prevail by making a prima facie showing the court committed reversible error.

■ Emancipation of a child terminates a parent's obligation to support the child. *Isler v. Isler* (1981), Ind.App., 422 N.E.2d 416, *reh. denied*, 425 N.E.2d 667. Emancipation is not presumed, but must be established by competent evidence. *Id.* It may be demonstrated by express agreement or by the conduct and acts of the parent and child. *Id.* What constitutes emancipation is a question of law. However, whether emancipation has actually

occurred is a question of fact. *Hayden v. Hite* (1982), Ind.App., 437 N.E.2d 133.

Indiana Code § 31–1–11.5–12 provides that the duty to support a child ceases when the child reaches 21 years of age with three exceptions. One exception provides child support will terminate, except for certain educational needs, if the child is emancipated prior to reaching age twenty-one. I.C. § 31–1–11.512(d). In that instance, if the court finds the child: (1) has joined the armed services, (2) has married, or (3) is not under the care or control of either parent, then the court shall find the child emancipated and terminate child support. I.C. § 31–1–11.5–12(e). Here, in ruling on Father's motion to correct errors, the trial court entered an order which dictated in relevant part: "The Court further finds and declares said child, Trinity Brown, to be emancipated by reason of her refusal to comply with the Court's Order on visitation, and in light of her employment and her living independently of the Petitioner and Respondent." *Record* at 29.

■ Unlike a juvenile proceeding, where a child is brought before the court which has the authority to strictly proscribe the child's conduct, *see Jordan v. State* (1987), Ind., 512 N.E.2d 407, 408–09, *reh. denied*, 516 N.E.2d 1054, a divorce proceeding addresses itself to the conduct, responsibility, and obligations of the adult litigants. For example, the chapter of the Indiana Code concerning dissolution of marriage and the cases interpreting that chapter speak solely in terms of the parties to the divorce as the husband and wife. Ind.Code § 31–1–11.5 *et seq.; Hunter v. Hunter* (1986), Ind.App., 498 N.E.2d 1278; *McBride v. McBride* (1981), Ind.App., 427 N.E.2d 1148. Even where child support is at issue, it is the custodial parent, rather than the child, who is the proper recipient of the child support payments. *Bendix v. Bendix* (1990), Ind. App., 550 N.E.2d 825, *trans. denied.* In a divorce action, the parents are considered the parties before the court and the trial court lacks authority to direct the conduct of the children or to enforce its order against the children upon pain of sanction.

**1300**

■ Of course, in the appropriate case, the trial court may find a parent in contempt of court for interfering with the other's right of visitation. *Zillmer v. Lakins* (1989), Ind.App., 544 N.E.2d 550; *Blickenstaff v. Blickenstaff* (1989), Ind. App., 539 N.E.2d 41, *trans. denied.* However, where a young adult is unwilling to visit the noncustodial parent, the trial court may not hold the custodial parent in contempt for not forcing the young adult to visit. *See Moody v. Moody* (1991), Ind. App., 565 N.E.2d 388 (trial court did not abuse its discretion by failing to order mother to allow father to visit children who were 21 and 18 years of age and stated they did not want to see their father).

■ In the case before us, the trial court was understandably frustrated with the conduct of both Mother and Father which contributed to Trinity's refusal to visit her father. The record reveals the relationship between Mother and Father was acrimonious and had been for some time. Although there is no evidence that Mother was interfering with Father's right of visitation, the record does demonstrate both parents used Trinity as a sounding board to demean the other. However, the trial court's order of visitation was not enforceable against Trinity and her refusal to comply with its terms could not form the basis for emancipation.

■ The trial court's order indicated Trinity was being emancipated not only because of her failure to comply with the terms of the visitation schedule, but also because Trinity was employed and living independently of both Mother and Father. However, neither a child's employment nor independent living necessarily means the child is emancipated. Rather, emancipation occurs when the child places herself beyond the control, custody and care of her parents. Ind.Code § 31–1–11.5–12(e); *Taylor v. Chaffin* (1990) Ind.App., 558 N.E.2d 879, 882 (18-year-old college student not emancipated even though employed and living in a leased condominium apart from parents).

■ In the case before us, the record does not reveal that Trinity was no longer under the control, custody or care of her mother. Although Father's Petition To Emancipate and Motion To Correct Errors alleges Trinity is living independently of her mother as custodial parent, there was no evidence of record presented to the trial court in support of Father's allegation. Further, the only indication of record that Trinity is employed is reflected in the direct examination of Jimayne Brown, Father's present wife. In response to the question "You are saying Trinity has a job," Brown responded "Yes." *Record* at 90. A child's employment, standing alone, does not support an order of emancipation. *Taylor, supra.*

The record here reveals the trial court judge conducted an *in camera* interview with Trinity at the time of the parties' initial hearing and also talked with Trinity by telephone after the hearing. Neither the contents of the interview nor the telephone conversation were included as a part of the record and therefore are not before this court for review.

■ There is no question the trial court has the authority to conduct *in camera* interviews with minor children. This authority allows the judge to fulfill his duty without placing the child in an adverse position between battling parents. *In re Marriage of Saunders* (1986), Ind.App., 496 N.E.2d 419, 421 citing *Truden v. Jacquay* (1985), Ind.App. 480 N.E.2d 974. However, the trial court's judgment may not rest primarily upon the results of a private *in camera* interview. *Blue v. Brooks* (1973), 261 Ind. 338, 303 N.E.2d 269.

In this case the trial court specifically indicated it was granting Father's Motion to Correct Errors and emancipating Trinity based upon the evidence presented at the hearing of this cause and based upon an *in camera* interview and telephone conversation with the child. *Record* at 118. However, the evidence presented at the hearing does not support the trial court's order of emancipation and the trial court's judgment may not rest primarily upon the results of the *in camera* interview. *Blue, supra.*

The evidence in the record before us fails to show the minor child in this case is no longer under the custody, care and control of Mother. Therefore, the trial court erred in entering an order of emancipation.

Judgment reversed.

SHARPNACK and STATON, JJ., concur.