CORNWELL *v.* CORNWELL

[No. 16,430.   Filed October 14, 1940.]

352

*Tucker & Tucker,* of Paoli, for appellant.
*Harry W. Carpenter,* of Paoli, for appellee.

LAYMON, P. J.—Appellant sought a divorce from appellee upon the ground of cruel and inhuman treatment. She also asked for alimony and the custody of their minor child. To the complaint appellee filed an answer in general denial and a cross-complaint for divorce in which he prayed for the custody of the child. Upon the issues formed the court decreed appellee a divorce upon his cross-complaint, awarded the care and custody of the minor child to appellant, with the provision that appellee have its custody each alternate 3 months, and granted appellant alimony in the sum of $150, payable in two equal installments 9 and 18 months from the date of the judgment. Appellee was ordered to pay $7 per month for the support of the child during the time the child was in the custody of appellant.

Appellant has appealed from this judgment, assigning as the only error the overruling of her motion for a new trial. In this motion she asserts: (1) That the finding of the court is not sustained by sufficient evidence; (2) that the finding of the court is contrary to law; (3) that the assessment of the amount of recovery is erroneous, being too small; and (4) that the court erred in fixing alimony payments by installment.

At the outset it is insisted by appellee that no question is presented for review because of the failure of appellant in the preparation of her brief to comply with section 6, rule 18 of the rules adopted June 21, 1937. While the brief is not to be commended, it may be said that there has been a good-faith effort to comply with the rules, and therefore the appeal should be disposed of upon its merits.

It is urged that the amount of alimony awarded appellant was too small and that it was error to order the amount paid in installments without requiring the judgment to be secured. The courts of this state have long recognized that the amount of alimony to be awarded in divorce proceedings is within the sound discretion of the trial court, and the appellate tribunal will not reverse the decision unless an abuse of such discretion has been shown. There are no well-established rules for measuring the amount of alimony to be awarded, such amounts always depending upon the facts and circumstances in each particular case.

For the purpose of determining the amount of alimony to be given in a particular case, the court has the right to inquire into the circumstances of the parties and ascertain the amount of property owned by the husband at the time, the source from whence it came, the ability of the husband to pay by reason of his financial circumstances, his income, and his ability to earn money, and upon a full investigation it is the duty of the court to make such an allowance for alimony as is just and proper.

It is equally true that the court trying the cause must exercise discretion with regard to the care and custody

of minor children and in making provision for their support. The welfare of the child is paramount to the claims of either parent, and its care and custody should be awarded with regard to the best interests of the child. The trial judge is in a position to see the parties, to observe their conduct and demeanor, and to hear them testify, and his decision ought not be reversed unless an abuse of discretion has been shown.

Appellant, in her brief, has failed to point out wherein the trial court has abused its discretion in the disposition of the care and custody of the child. Our search of the record fails to disclose an abuse of discretion either in the disposition of the custody of the child or the allowance of alimony to appellant.

Appellant objects in her motion for a new trial to the form of the judgment in deferring the payment of the alimony without requiring the sum to be secured. This question is not before us for the reason that no objection was made to the form of the judgment, no motion was made to modify it, and no exception thereto was saved by appellant in the court below. *Boggs* v. *Boggs* (1910), 45 Ind. App. 397, 90 N. E. 1040.

Lastly, appellant contends that the finding of the court that appellee, instead of appellant, was entitled to a divorce is not sustained by sufficient evidence and is contrary to law. We do not deem it necessary to set out or give a synopsis of the evidence since most of the evidence bearing upon this question was conflicting and this court will not weigh conflicting testimony.

There is no available error in the record. Judgment affirmed.

NOTE.—Reported in 29 N. E. (2d) 317.