BETTY J. SCHWARTZ *v.* GEORGE LEON SCHWARTZ.

[No. 1-576A75. Filed August 16, 1976.]

*John D. Clouse,* of Evansville, for appellant.

*Charles C. Griffith, Johnson, Carroll & Griffith,* of Evansville, for appellee.

ROBERTSON, C.J.—The wife brings this appeal from the granting of her petition for dissolution of marriage and the court's order awarding custody of the parties' minor child to the husband.

The sole issue upon appeal is whether the trial court abused its discretion in awarding custody of the parties' minor child to the husband.

We find no abuse of discretion and accordingly affirm.

The parties to the present case were married on April 24, 1972. At that time, the husband had a child from a prior marriage. On November 5, 1973, the wife adopted the child. The parties separated on September 5, 1975, and on September 15, 1975, the wife filed a petition for dissolution of marriage

in the Vanderburgh Superior Court upon the grounds of irretrievable breakdown. The wife asked that she be awarded custody of the parties' minor child. On January 15, 1976, the court held a hearing on the matter and, from the evidence produced, found that the marriage was irretrievably broken and should be dissolved. The court granted dissolution and awarded custody of the child to the husband with reasonable visitation rights to the wife. The wife brings this appeal contending that the award of custody to the husband was an abuse of discretion.

The wife's argument upon appeal is two-fold. She first argues that an adoptive parent should have the same rights as to the custody of her child as does a natural parent. Second, she argues that in a child custody dispute the court should prefer the wife over the father and award the wife custody if she establishes that she is a fit and proper person to have custody.

That the wife, as an adoptive parent, occupies the same position toward the child that she would if she were the natural parent is established by IC 1971, 31-3-1-9 (Burns Code Ed.). However, Indiana law does not hold that the wife, whether a natural or an adoptive parent, is to be preferred in custody disputes. To the contrary, IC 1971, 31-1-11.5-21 (Burns Code Ed., Supp. 1975) provides, in pertinent part:

"The court shall determine custody and enter a custody order in accordance with the best interests of the child. In determining the best interests of the child, *there shall be no presumption favoring either parent*." (Emphasis added.).

In awarding custody of the children upon the dissolution of marriage, the crucial consideration for the trial court is the best interest of the children, not the desires or claims or claims of the parents. *Wible* v. *Wible* (1964), 245 Ind. 235, 196 N.E.2d 571. It is within the discretion of the trial court to award custody of the children consistent with their best interest, and this court will not reverse the

award unless a manifest abuse of discretion is shown. *Buchanan* v. *Buchanan* (1971), 256 Ind. 119, 267 N.E.2d 155; *Shaw* v. *Shaw* (1973), 159 Ind. App. 33, 304 N.E.2d 536; *Watkins* v. *Watkins* (1943), 221 Ind. 293, 47 N.E.2d 606. As stated in *Cornwell* v. *Cornwell* (1940), 108 Ind. App. 350, 29 N.E.2d 317:

> "The welfare of the child is paramount to the claims of either parent, and its care and custody should be awarded with regard to the best interests of the child. The trial judge is in a position to see the parties, to observe their conduct and demeanor, and to hear them testify, and his decision ought not be reversed unless an abuse of discretion has been shown." 108 Ind. App. 350, 354, 29 N.E.2d 317, 318.

Further, as stated in *Gilchrist* v. *Gilchrist* (1947), 225 Ind. 367, 75 N.E.2d 417:

> "The disposition of children is not controlled by hard and fast rules of law but by the exercise of sound judicial discretion of the court confronted with the problem. Review by an appellate court of such disposition is limited to the question of abuse of judicial discretion." 225 Ind. 367, 372, 75 N.E.2d 417, 419.

In order to constitute an abuse of discretion, the trial court's decision must be "clearly against the logic and effect of the facts and circumstances before the court." *Marshall* v. *Reeves* (1974), 262 Ind. 107, 311 N.E.2d 807; *Shaw* v. *Shaw* (1973), 159 Ind. App. 33, 304 N.E.2d 536; *McFarlan* v. *Fowler Bank City Trust Co.* (1938), 214 Ind. 10, 12 N.E.2d 752.

The evidence produced in this case established that the wife had been hospitalized for four or five years for an emotional difficulty and that she had suffered from severe depression. In addition, evidence was introduced that she had feared suicidal tendencies and had requested help so that she would not do something to hurt the child. Further, the record shows that she had been taking anti-depressant drugs. The evidence further established that the

husband was financially able to support the child and that his residence was adequate to provide a home for the child.

There was ample evidence in the record to support the decision of the trial court to award custody of the child to the husband. Thus, we find no abuse of discretion.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 351 N.E.2d 900.