CHARLES O. FINLEY *v.* SHIRLEY M. FINLEY

[No. 3-776A163. Filed October 3, 1977.]

*Saul I. Ruman*, of Hammond, for appellant.

*John E. Newby, Leon R. Kaminski, Edward L. Volk, Newby, Lewis, Kaminski & Jones*, of LaPorte, for appellee.

STATON, P.J.—In a dissolution of marriage action, the trial court imposed discovery sanctions against the husband under Ind. Rules of Procedure, Trial Rule 37(B)(2)(c). The sanctions imposed by the trial court's order required that the husband pay for the audit of the Charles O. Finley and Company, Inc., an Illinois

Corporation, and pay the wife's attorneys an additional attorneys' fee of $50,000.00. The husband appeals from this interlocutory order and presents these issues for our review:

(1) Did the trial court abuse its discretion when it ordered the husband to produce all the books, records, and other financial information which may be requested by an accounting firm and to pay for the completed audit?

(2) Did the trial court abuse its discretion by ordering additional attorney fees *pendente lite* for the wife's attorneys?

After reviewing the record and the issues presented by the husband's appeal, we conclude that the trial court did not abuse its discretion. We affirm the trial court's interlocutory order.

## I.

### Discovery Sanction

The husband is the president of the corporation and is in complete control of its management. After October 31, 1971, no profit and loss statements or balance sheets existed which would reflect the present value of the corporation. The husband holds thirty-one per cent of the corporate stock and the wife holds twenty-nine per cent of the corporate stock. The remaining forty per cent of the corporate stock which is not part of the marital estate is divided equally among four of their children. Neither the wife's counsel nor the trial court can proceed until the value of the corporation is determined by current, reliable financial information. After a hearing on the wife's petition for sanctions against the husband, the trial court found that the husband had "failed to comply with discovery rules on numerous occasions. . ." and the divorce proceedings had "been delayed by failure of the Respondent to furnish such information as alleged in the petition which information is not available to the Petitioner from any other source." The husband has admitted that much of the financial information requested by the discovery is either unavailable or does not exist.

The husband contends that TR. 37(B)(2)(c) allows only expenses for the enforcement of the discovery order to be charged against

him. The trial court's sanction of assessing the entire audit expense against him is an abuse of discretion.[1]

The trial court specifically found in its order of June 7, 1976, that "the allegations of the petition filed February 13, 1976, are true. . . ."

The sanctions imposed by subdivision (B) of the Indiana Rule follow in general the scheme of the sanctions imposed by Federal Rule of Civil Procedure 37. 3 Harvey, INDIANA PRACTICE 122. In addition to providing specific sanctions, Fed. R. Civ. P. 37(b)(2), permits the trial court to make such orders "as are just."[2] The intent of Fed. R. Civ. P. 37(b) has been explained by Dean William Harvey as follows:

> "It is for failure to comply with an order that the court is given its broadest discretion; under rule 37(b) it may make such orders 'as are just,' including certain specifically enumerated sanctions. The imposition of a sanction in this situation serves the dual purpose of compelling the production of relevant information and vindicating the dignity of the court." (Footnote omitted). 2 Harvey, INDIANA PRACTICE 522, 523.

Although the Indiana Rule does not contain a provision for orders "as are just" to compel discovery, we are compelled to conclude that the sanction imposed by the trial court is not an abuse of discretion. The intent and purpose of the Rule together with the inherent power of the trial court to do those things which are necessary to move the proceedings along to judgment support this conclusion. Any other construction of the Rule would render

1. Among other allegations contained in the wife's petition are the following:

"4. In addition, Mr. Finley has totally failed in good faith to answer discovery inquiries made by petitioner's attorneys to the end of discovering for examination financial statements of the corporate overall operations.

\* \* \*

10. [T]he respondent, Charles O. Finley, has acted in bad faith and has abusively resisted or obstructed discovery in this cause, including, but not limited to production of evidence, inspection, examination of documents as hereinabove set forth."

2. *Hiatt v. Yergin* (1972), 152 Ind. App. 497, 284 N.E.2d 834. This Court may consult federal authority for guidance in interpreting Indiana Rules although the federal authority is not binding.

a property settlement in the present dissolution of marriage action impossible.[3]

## II.

### Attorney Fees

Upon the petition of the wife for additional attorney fees and, later, a hearing on the petition, the trial court awarded the wife $50,000.00 additional attorney fees. One of the wife's attorneys, John E. Newby, testified that the wife had received legal services in the amount of $23,400.00 and that he had expended cash disbursements in excess of $4,800.00 to third parties in behalf of the wife. Since the husband had moved for change of venue from the county, the wife has had the additional expense of obtaining local counsel in Valparaiso, Indiana. This local counsel has not been paid for his legal services rendered to the wife. Additionally, the employment of local counsel in California, Illinois, and other states is anticipated. Mr. Newby further testified:

"Well, you recall, you and Mr. Ruman initially I testified I thought attorney's fees might run $26,500 on this case. Well I was wrong and I think now that we're about a third of the way through on the expenditure of attorneys' time and effort to get this case to a conclusion. So I would say that I might reasonably expect that there'd be another $50,000 involved in attorney's fees."

Much of the delay and confusion in determining the value of the corporation stems from the disorganized condition of the corporate records. The husband who is the president of the corporation concedes that the corporation is worth several million dollars. An award of $50,000.00 in attorney fees to the wife is not unprecedented in this State.[4] *Burkhart, supra.*

---

3. See TR. 37(B)(4) which authorizes the court to enter judgment where other relief is inadequate.

4. In affirming the trial court's award of $50,000.00 in attorney fees, this Court stated in *Burkhart v. Burkhart* (1976), 169 Ind. App. 588, 349 N.E.2d 707:

"Another witness testified that a reasonable fee would be $100,000. While the Wife's attorney did tesify that a fee based solely on his usual hourly rate would justify only $24,000 there is no requirement that only an hourly rate be considered. Other factors have traditionally been considered when determining a

Except for the $1,250.00 per week received from the husband for support of herself and dependent children and some jewelry valued at between $15,000.00 to $20,000.00, there is no value evidence of the wife's estate and her ability to pay her own attorney fees. *Bitner v. Bitner* (1950), 228 Ind. 259, 91 N.E.2d 169. She receives no dividends from the stock that she holds in the corporation nor is there any present determination as to the value of the stock per share. Since the trial court's order is an interlocutory order, any final judgment on the division of the property may properly take into account the husband's payment of the wife's attorney fees.

The interlocutory order of the trial court is affirmed.

Hoffman, J. and Garrard, J., concur.

NOTE—Reported at 367 N.E.2d 1126.

proper fee, including the size of the marital estate, the length of time necessary to obtain the desired result, and the possiblity of the need for an appeal. . . ." 349 N.E.2d at 715.