In re the MARRIAGE OF M. Jane JULIEN, Appellant-Respondent,

and

L. Keith Julien, Appellee-Petitioner.

No. 1–279A42.

Court of Appeals of Indiana, Third District.

Dec. 11, 1979.

Rehearing Denied Jan. 16, 1980.

Richard K. Muntz, Petersen & Muntz, LaGrange, Howard S. Grimm, Auburn, for appellant-respondent.

LeRoy K. Schultess, LaGrange, Douglas E. Miller, Fort Wayne, for appellee-petitioner.

STATON, Judge.

This is a civil action concerning the dissolution of the marriage of L. Keith Julien and M. Jane Julien. Upon trial to the court, a decree of dissolution of marriage was entered. It provided for the distribution of the assets and liabilities of the parties as well as for the custody and support of their minor children.

On appeal, Ms. Julien raises five issues for our consideration:

(1) Was it in the best interests of the minor children, Dawn and Darren, to be placed in the custody of their father?

(2) Did the trial court abuse its discretion by failing to make a just and reasonable division of the marital assets as required by IC 1971, 31–1–11.5–11?

(3) Did the trial court abuse its discretion by failing to take into account in the property settlement the dissipation of the marital assets by Mr. Julien, as mandated by IC 1971, 31–1–11.5–11(a)(4)?

(4) Did the trial court abuse its discretion in failing to charge against Mr. Julien's share of the marital estate monies received and retained by him during the pendency of this action as payments upon land contracts owned by the parties?

(5) Did the trial court abuse its discretion by awarding Ms. Julien's attorney's fees in the amount of $175 where the uncontradicted verified petition of counsel demonstrated that she had incurred fees of $5,134?

We affirm.

Ms. Julien urges us to find that the best interests of 14-year-old Dawn and 8-year-old Darren Julien were not served by placement with their father. A look at the record shows that, in addition to hearing the evidence presented at trial, the court was aided in making its custody determination by two separate social service "home studies."[1] In the first study, the case worker made a favorable report of Mr. Julien's home circumstances and noted that the two younger children had expressed a desire to remain with him. The second study stated that Dawn and Darren were doing well in school and that their desire to remain with their father was unchanged. The case worker noted that 16-year-old Doug, who was living with Ms. Julien, had been missing school very frequently and had become a delinquency problem. After all the evidence had been submitted, the court interviewed Douglas, Darren, and Dawn in its chambers, as agreed upon by both parties and their counsel.

In making the determination of custody, the court had a substantial amount of contradictory evidence before it. We cannot and will not reverse its decision on the basis of conflicting evidence. *Franks v. Franks* (1975), 163 Ind.App. 346, 323 N.E.2d 678. Even though the evidence might support a conclusion different than the one

reached by the court, we will not substitute our judgment for that of the trial court. *Geberin v. Geberin* (1977), Ind.App., 360 N.E.2d 41. We will reverse only upon a showing of manifest abuse of the trial court's discretion. *Buchanan v. Buchanan* (1971), 256 Ind. 119, 267 N.E.2d 155. To constitute an abuse of this discretion, the court's decision must be one which is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Marshall v. Reeves* (1974), 262 Ind. 107, 311 N.E.2d 807, 812. On appeal, we are limited to an examination of the trial court's findings in light of whether the evidence adduced at trial can serve as a rational basis for the court's decision. *Marshall, supra.* This Court will not re-weigh the evidence nor judge the credibility of the witnesses. *Geberin, supra.* In the case at hand, we conclude that there is sufficient evidence to support the finding of the trial court and that Ms. Julien has failed to show a manifest abuse of discretion warranting a reversal of the trial court's decision.

Ms. Julien next contends that the trial court abused its discretion by failing to make a just and reasonable division of the marital assets and to take the dissipation of some of those assets into account in its formulation of the property settlement. She also argues that the court abused its discretion by neglecting to charge against Mr. Julien's share of the marital assets monies received and retained by him during the pendency of this action as payments upon land contracts owned by the parties. Due to the related nature of these questions, we choose to address them in one discussion.

The thrust of Ms. Julien's arguments invites us to re-weigh the evidence and re-compute the property settlement.

---

1. IC 1971, 31–1–11.5–22. Investigations and reports.—(a) In custody proceedings after evidence is submitted upon the petition, if a parent or the child's custodian so requests, the court may order an investigation and report concerning custodial arrangements for the child. The investigation and report may be made by the court social service agency, the staff of the juvenile court, the local probation or welfare department, or a private agency employed by the court for the purpose.

This we cannot and will not do. We are not at liberty to re-weigh the evidence, but must consider only that evidence and the reasonable inferences drawn therefrom most favorable to the appellee. *Jackman v. Jackman* (1973), 156 Ind.App. 27, 294 N.E.2d 620. We will not judge the credibility of the witnesses as it is the province of the trial court to determine which witnesses to believe when it hears the evidence. *Jackman, supra.* In framing its dissolution of a marriage decree, the trial court has broad discretion in determining the disposition of the parties' property. *In Re Marriage of Hirsch* (1979), Ind.App., 385 N.E.2d 193. Its decision can be reviewed on appeal only for a determination as to whether the trial court abused its discretion. *Johnson v. Johnson* (1979), Ind.App., 389 N.E.2d 719. To warrant a reversal, the appellant must show that the trial court's decision was one which was "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Marshall, supra.*

Ms. Julien notes that IC 1971, 31–1–11.5–11 requires the court to divide the property in a "just and reasonable manner" and argues that the court abused its discretion by failing to do so. The court is guided in formulating the property settlement by IC 1971, 31–1–11.5–11. It provides:

"(a) In an action pursuant to section 3(a) [31–1–11.5–3(a)] of this chapter, the court shall divide the property of the parties, whether owned by either spouse prior to the marriage, acquired by either spouse in his or her own right after the marriage and prior to final separation of the parties, or acquired by their joint efforts, in a just and reasonable manner,

. . .

"In determining what is just and reasonable the court shall consider the following factors:

"(1) The contribution of each spouse to the acquisition of the property, including the contribution of a spouse as homemaker;

"(2) The extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift;

"(3) The economic circumstances of the spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell therein for such periods as to the court may deem just to the spouse having custody of any children;

"(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property;

"(5) The earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties."

 In order to make an equitable property settlement, the trial court must have all the property in which the parties hold an interest before it. *Wireman v. Wireman* (1976), Ind.App., 343 N.E.2d 292. The "just and reasonable" division of all this property must have a rational basis; without it, there is error. *In Re Marriage of Osborne* (1977), Ind.App., 369 N.E.2d 653. This doesn't necessarily mean, however, that the division must be "equal or relatively equal." *Osborne, supra; In Re Hirsch, supra.*

In the case at hand, Ms. Julien charges that the trial court did not have all of the property before it while making its disposition. She asserts that it neglected to consider monies received by Mr. Julien from land contracts during the pendency of this action and that it also failed to take into account Mr. Julien's alleged dissipation of some of the couple's property. She further argues that, based on *her interpretation* of the court's computations, the resulting award of 24% of the value of the assets to her and 76% to Mr. Julien was an abuse of the court's discretion. During the course of the trial, the court heard an abundance of evidence concerning the receipt of the land contract monies as well as the circumstances surrounding Mr. Julien's alleged dissipation of marital assets. In addition, Ms. Julien filed with the court a lengthy "Pro-

posed Property Division and Argument in Support Thereof" at the conclusion of the hearing. In it, she strenuously argued her position and itemized in exacting detail each piece of property and her assessment of its value. When the court announced it was taking the property settlement under advisement, she presented the court with a "Proposed Distribution of Marital Assets."

■ It is apparent that the court was fully appraised of the nature of the Juliens' properties through evidence adduced at trial and the filing of Ms. Julien's exhaustive memorandum. Admittedly, the evidence presented was often conflicting and the testimony was replete with varying values as to the parties' properties. These variances were duly noted and often emphasized in Ms. Julien's "Memorandum on Property Division" filed with the court. As we stated earlier, this Court will not reverse the trial court's determination on the basis of conflicting evidence. *Franks, supra.* We will look only to that evidence which supports the judgment of the trial court. *Wendorf v. Wendorf* (1977), Ind.App., 366 N.E.2d 703. One of the strongest presumptions applicable to the consideration of a case on appeal is the presumption in favor of the correctness of the trial court's finding. *Greiner v. Greiner* (1979), Ind.App., 384 N.E.2d 1055. Accordingly, we will not say, as a matter of law, that the trial court abused its discretion by failing to consider all of the Juliens' assets or by neglecting to take Mr. Julien's alleged dissipation of assets into account in making its computation. Clearly, the court was aware of the differing property values and the contradictory interpretations of the parties' assets and liabilities. We will not try to second guess the court and assume the role of fact-finder. Ms. Julien fails to convince us that the trial court abused its discretion in the framing of its judgment.

■ Ms. Julien finally contends that the trial court abused its discretion by failing to award her fees at the final hearing. She recognizes that IC 1971, 31–1–11.5–16 gives the trial court the authority to grant attorney's fees to either party and, further, she notes that it is within the trial court's broad discretion to do so. *Geberin, supra.* She argues, however, that the court abused its discretion when it failed to award her attorney's fees because of the magnitude of economic disparity between the parties at the time of trial and her resulting inability to pay the fees. She relies upon two cases, *Yost v. Yost* (1895), 141 Ind. 584, 41 N.E. 11, and *Wendorf, supra,* in which the wives were incapable of more than minimal employment. Such is not the case here as Ms. Julien was employed at the time of trial as a physical therapist. In arguing economic disparity, Ms. Julien also contends that Mr. Julien had control of all the marital assets during the pendency of this action. She states that he received the benefits accruing from their assets, but omits the fact that he was burdened with their liabilities at the same time.

■ Ms. Julien attempts to persuade us that, on the basis of the holding in *Finley v. Finley* (1977), Ind.App., 367 N.E.2d 1126, we should reverse the trial court's judgment. In *Finley,* the husband had refused to cooperate with the wife's attorney in supplying the needed financial information. The court imposed attorney's fees upon the husband as a sanction for his non-compliance. In the case at hand, Mr. Julien offered evidence of property values which contradicted those presented by Ms. Julien, and he testified to financial obligations, the existence of which was challenged by Ms. Julien. Despite this, we are unwilling to say that he refused to cooperate with Ms. Julien's attorney in seeking to bring financial evidence before the court. As such, this Court will not say that the trial court abused its discretion when it awarded $175 attorney's fees pendente lite to Ms. Julien and then ordered that she bear the responsibility for the rest of her fees.

Judgment affirmed.

GARRARD, P. J., and HOFFMAN, J., concur.